[S. F. No. 974. Department Two.—September 6, 1899.]

## DWIGHT SHERWOOD and JULIA C. SHERWOOD, Appellants, v. SHELTON KYLE, Respondent.

NEW TRIAL — EXCESSIVE DAMAGES FOR SLANDER — CONDITIONAL ORDER—POWER OF COURT.—Upon a motion for new trial upon the ground that excessive damages were awarded by the jury to the plaintiff in an action for slander, under the influence of passion or prejudice, the court has power to make a conditional order granting a new trial, unless the plaintiff shall remit the portion of the judgment for damages deemed by the court to be excessive.

ID.—DAMAGES FOR PERSONAL TORT—DUTY OF COURT—DISCRETION— REVIEW UPON APPEAL.—In an action for damages for a personal tort, the court should not substitute its judgment for that of the jury, and should not grant a new trial for excessive damages, unless it is so excessive as to indicate that it was given under the influence of passion or prejudice. But the action of the court in granting a new trial upon that ground will not be disturbed upon appeal where it does not clearly appear that its discretion to grant it has been abused.

ID.—ORDER GRANTING NEW TRIAL—REVIEW OF GROUNDS OF MOTION. An order granting a new trial upon any ground may be sustained by the respondent upon any point involved in the motion.

APPEAL from an order of the Superior Court of Lake County granting a new trial. R. W. Crump, Judge.

The facts are stated in the opinion of the court.

R. J. Hudson, and Dan Jones, for Appellants.

The court had no right to substitute its opinion for that of the jury in an action of this kind. (*Aldrich v. Palmer,* 24 Cal. 514; *Boyce v. California Stage Co.,* 25 Cal. 472; *Wilson v. Fitch,* 41 Cal. 363; *Harris v. Zanone,* 93 Cal. 59.)

T. J. Sheridan, and J. J. Bruton, for Respondent.

The court had discretion to grant the new trial, conditionally and absolutely. (*Davis v. Southern Pac. Co.,* 98 Cal. 17; *Brooks v. San Francisco etc. R.R. Co.,* 110 Cal. 176; *Quinn v. Kenyon,* 22 Cal. 83; *Savage v. Sweeney,* 63 Cal. 340.) And the rule is the same when the trial court reduces the verdict in causes of action sounding in tort. (*Gregg v. San Francisco etc. R. R. Co.,* 59 Cal. 312; *Davis v. Southern Pac. R. R. Co., supra; Lee v. Southern Pac. Co.,* 101 Cal. 118; *Domico v. Casassa,* 101 Cal. 411.) It was one of the grounds of the motion that the plaintiff was not damaged in any sum, and the appellate court may consider that question in sustaining the order granting the new trial. (*Du Brutz v. Jessup,* 54 Cal. 118; *Bennett v. Hobro,* 72 Cal. 178.) Whatever ground may be assigned by a trial court for making such an order, it will be upheld by this court if it can be justified upon any other ground. (*Nally v. McDonald,* 77 Cal. 284; *Harnett v. Central Pac. R. R. Co.,* 78 Cal. 31; *Kaufman v. Maier,* 94 Cal. 269.)

TEMPLE, J.—This is an action for slander, wherein the plaintiffs seek damages for injurious words spoken of the plaintiff, Julia C., in respect to her profession or occupation as a school teacher.

After suitable allegations in regard to the qualification and occupation of said Julia C., plaintiffs charge that while engaged in her profession, and while school was in session, defendant entered her schoolroom, and, in the hearing of the pupils, spoke willfully and maliciously to, of and concerning said plaintiff the following false and scandalous words: "You have no business to be in charge of young children. You are no more fit to teach school than hell is for a powder-house," meaning, et cetera.

Defendant does not deny the language attributed to him, but says it was not malicious and has not damaged plaintiffs. He avers, also, that the language was privileged; he was a trustee of the school district, and, having evidence that the proper discipline was not maintained by such plaintiff, he went to the school to remonstrate, and did not intimate or say anything derogatory to Mrs. Sherwood, except that she did not maintain the proper control over her pupils, and for that reason only was unfit to teach. He denies that he harbors any malice or ill-will toward said plaintiff, or that he was at all angry with her. And he avers that his charge, that she was unfit to teach school because of her lack of power to control her pupils, is true.

In another defense he alleges that he owns and occupies a farm adjoining the school lot, and the school children, through lack of proper control, have frequently committed depredations upon his property, and therefore he went to the teacher to complain and to request that she exercise some restraint over her pupils.

Plaintiffs recovered a verdict for one thousand dollars, which the trial judge, upon the motion for a new trial, adjudged to be excessive. The court then made an order granting a new trial unless plaintiffs would remit seven hundred dollars. This plaintiffs declined to remit and the order was made absolute.

The first question which naturally presents itself for consideration is whether this court can set aside the order on the ground that the court abused its discretion in ordering a new trial unless plaintiffs would remit a portion of their judgment. The power of the court to make a conditional order of this character is thoroughly settled in this state. (*Gregg v. San Francisco etc. R. R. Co.*, 59 Cal. 312; *Lee v. Southern Pac. Co.*, 101 Cal. 118; *Domico v. Casassa*, 101 Cal. 411.)

It is true that in actions for damages for a personal tort the court should not substitute its judgment for that of the jury. The judge should not grant a new trial merely because he deems the verdict excessive, unless it is so excessive as to indicate that it was the result of passion or prejudice. But the motion for a new trial was based, in part, upon the ground of excessive damages given under the influence of passion or prejudice. The court sustained this contention, holding that the damages were

given under the influence of passion or prejudice. The learned judge had advantages over us in regard to the matter, and, besides, that he abused his discretion must clearly appear before we can interfere. It is especially so when such discretion is used in awarding a new trial which does not finally dispose of the matter.

From the testimony of Mrs. Sherwood the conduct of defendant certainly seems very offensive and boorish. His testimony, however, which the court must have believed, puts a different phase upon the matter. Manners are largely a matter of training and circumstance, and absence of decorum does not always imply malice or insult.

And the suit is not for an injury to the character and general reputation of Mrs. Sherwood. In her complaint she says that defendant meant to be and was understood to mean "that plaintiff was unreliable and unworthy of confidence as a teacher aforesaid, and in all respects in her profession was wholly disqualified for the exercise thereof." No insinuation was made that she did not enjoy and deserve the highest reputation as a woman.

The trial was two years after the alleged slander, and Mrs. Sherwood testified that she had found no difficulty in obtaining schools in Lake county since. She might have continued at the same school. The judge probably concluded that she had not been seriously injured by the slander, and that the jury had simply imposed a fine on the defendant for his bad manners.

It is not necessary to discuss the other points made on the motion for a new trial. They are, however, all involved on this appeal, for the court cannot foreclose the defendant as to any of them by granting a new trial upon some one ground. Except where one ground is as to the insufficiency of the evidence, and this only as to the ruling upon that one point, it is utterly immaterial here upon what ground the new trial was granted. The respondent may defend the ruling upon any point involved in his motion.

The order is affirmed.

McFarland, J., and Henshaw, J., concurred.