[L. A. No. 4554. Department One.—August 6, 1918.]

JOSEPH SCOTT, Appellant, ·v. TIMES-MIRROR COM-
PANY (a Corporation), Respondent.

APPEAL—ORDER GRANTING NEW TRIAL—GENERAL TERMS.—When the
order of the trial court in granting a new trial is general in its
terms, it will be affirmed if it could properly have been granted
upon any of the grounds upon which the motion for it was pred-
icated.

ID.—REVERSAL OF ORDER—RULE.—An order granting a new trial will
not be disturbed upon appeal except upon a showing of clear and
manifest abuse of discretion on the part of the trial court in respect
to granting the same.

ACTION FOR LIBEL—ORDER GRANTING NEW TRIAL—EXCESSIVE DAMAGES—
DISCRETION NOT ABUSED.—In this action by an attorney at law for
damages for libel wherein the verdict awarded him compensatory
damages of ten thousand dollars and exemplary· damages of twenty
thousand dollars, it is held that the trial court did not abuse its
discretion in granting a new trial upon either the ground of exces-
sive compensatory or exemplary damages.

ID.—INJURY TO REPUTATION AS ATTORNEY AT LAW—EVIDENCE—GOOD
REPUTATION.—In an action by an attorney at law for libel of that
form which tends to injure him in his reputation, evidence as to the
good reputation of the plaintiff as an attorney at law is admissible,
since the rule that every party to an action comes into court with
the presumption of a good reputation as an individual, upon which
presumption he is entitled to rely until his reputation as such has
been assailed, is inapplicable with respect to the reputation of a
litigant in his business or professional capacity.

ID.—PLEADING—PROFESSIONAL REPUTATION.—In such an action, it is
necessary for the plaintiff to allege in his complaint his good pro-
fessional reputation, and the denial thereof raises a material issue,
upon which the plaintiff is required to offer evidence.

APPEAL from an order of the Superior Court of Los
Angeles County granting a new trial. H. D. Gregory,
Judge Presiding.

The facts are stated in the opinion of the court.

Joseph Scott, John Mason Ross, J. B. Joujon-Roche, and
A. G. Ritter, for Appellant.

Samuel Poorman, Jr., Hunsaker & Britt, and Le Roy M.
Edwards, for Respondent.

RICHARDS, J., *pro tem.*—This is an appeal from an order granting the defendant's motion for a new trial in an action for libel wherein the plaintiff was awarded compensatory damages in the sum of ten thousand dollars and exemplary damages in the sum of twenty thousand dollars by the verdict of a jury. A motion for a new trial having been made upon all the statutory grounds, the same was granted by a general order of the trial court. The main contention urged by the appellant as one of the grounds for the reversal of that order is that the trial court abused its discretion in attempting to set aside the verdict of the jury as to both of these elements and amounts of damage. A brief consideration of the nature of the action is essential to a determination of this as well as of the other points in the case. The plaintiff in his complaint alleged that he was at the date of filing the same, and for some twenty years or more prior thereto had been, an attorney at law of the several courts of record of the state of California, practicing his profession principally in Los Angeles, but also in several other counties of the said state and also in the state of Arizona, and that as such attorney at law he had always conducted and demeaned himself with honesty and fidelity and without any misconduct or malpractice in his said profession, and had thereby come to enjoy, and did enjoy, a good name and reputation as an attorney at law. He then proceeded to allege the facts and details of the publication complained of, which consisted of an article on a report regarding a certain action for divorce in which the plaintiff herein appeared as attorney of record for the plaintiff therein, with certain insinuations and animadversions reflecting upon the conduct of this plaintiff in the matter of advising and commencing said action, all of which this plaintiff alleged to be maliciously and knowingly false and to have been published with express malice and ill-will on the part of the defendant toward this plaintiff, and with the intent to injure him in his professional standing and reputation and to bring him into public discredit as an attorney at law, by reason whereof he had suffered ten thousand dollars actual and fifty thousand dollars exemplary damages. The answer of the defendant admitted the publication of the article complained of, but denied that it was either false or malicious.

CLXXVIII Cal.—44

The defendant also, basing its denial upon the want of sufficient information, denied specifically the averments of the plaintiff's complaint respecting his general conduct as an attorney at law during the period of the practice of his profession; and upon the same ground denied that during all or any of the said period prior to the date of the publication of said article the plaintiff had or enjoyed a good name or reputation as an attorney at law. It would serve no useful purpose to restate or review at length the evidence presented upon these issues upon the trial and embraced in the somewhat voluminous record before us upon this appeal. It is the well-settled rule of this court that when the order of the trial court in granting a new trial is general in its terms, it will be affirmed if it could properly have been granted upon any of the grounds upon which the motion for it was predicated. (*Weisser* v. *Southern Pac. R. Co.,* 148 Cal. 426, [7 Ann. Cas. 636, 83 Pac. 439] ; *Morgan* v. *J. W. Robinson Co.,* 157 Cal. 348, [107 Pac. 695].) It is an equally well-settled and long-established rule of this court that an order granting a new trial will not be disturbed upon appeal except upon a showing of clear and manifest abuse of discretion on the part of the trial court in respect to granting the same. (*Harrison* v. *Sutter St. Ry. Co.,* 116 Cal. 156, [47 Pac. 1019] ; *Doolin* v. *Omnibus Cable Co.,* 125 Cal. 148, [57 Pac. 774] ; *Sherwood* v. *Kyle,* 125 Cal. 652, [58 Pac. 270] ; *Lee* v. *Southern Pac. R. Co.,* 101 Cal. 118, [35 Pac. 572] ; *Meinberg* v. *Jordan,* 29 Cal. App. 760, [57 Pac. 1005, 1007].) Having in mind these principles, we have carefully examined the record before us and we are unable to say upon such examination that the trial court has in any degree whatever abused the discretion with which it is invested with respect to the matter of granting a new trial upon either the ground of excessive compensatory or excessive exemplary damages. The order of the trial court must, therefore, be affirmed upon these grounds, irrespective of whether the appellant is right or wrong as to certain other contentions. In view of the fact, however, that a new trial must be had of the case, we deem it proper to pass upon one other of the appellant's contentions in order that the trial court may be advised of our views upon the retrial of the cause. Among the grounds assigned in the motion for the new trial was the statement that the trial court had erred in the admission of the af-

firmative evidence offered on the part of the plaintiff in his
main case as to his good reputation as an attorney at law.
The trial court upon the hearing of the motion for a new
trial concluded that it was in error in that respect and as-
signed this as one of the grounds for granting the motion
in its opinion filed at the time of doing so. We are of the
opinion that the trial court was in error in this latter view
and that such evidence was properly admitted upon the trial
of the cause. It is to be noted that the whole gravamen of
the plaintiff's case is the alleged injury to his reputation
as an attorney at law. In other words, it is an action by
plaintiff for damage for that form of libel which, according
to the definition found in section 45 of the Civil Code, tends
"to injure him in his occupation." It is and has always
been true that every suitor or party to an action or proceed-
ing in a court of justice comes into court with the pre-
sumption of a good reputation as an individual, upon which
presumption he is entitled, and in some cases is bound to
rely, until his said reputation as such has been assailed.
This rule is well stated and its application to libel cases
clearly defined, with the authorities supporting it fully col-
lated, in the case of *Davis* v. *Hearst,* 160 Cal. 143, [116 Pac.
530]., While this is, therefore, the undoubted rule in re-
spect to the reputation of the litigant as an individual, we
know of no such rule nor of any such presumption with
respect to the reputation of a litigant in his capacity as an
attorney at law or in any other business or professionl
capacity, and we are cited to no cases which pretend to assert
the existence of such a presumption. On the contrary, our
attention is directed to the case of *Aston* v. *Examiner Print-
ing Co.,* 226 Fed. 496, which was an action for a libel uttered
against the plaintiff in his profession as an engineer. The
plaintiff offered evidence of his good reputation in that
capacity, which was admitted over the defendant's objec-
tion. In passing upon the question thus presented, Judge
Van Fleet said: "It is at once apparent, I think, not only
from the form of the questions themselves, although some-
what inartificial, but from the general nature of the sub-
ject about which the witness was being examined, that the
inquiry was not addressed to the personal character or repu-
tation of the plaintiff, of which complaint was made in
*Davis* v. *Hearst,* 160 Cal. 185, [116 Pac. 530], relied on by

plaintiff, but was solely with reference to his standing as an engineer, his professional character, as to the propriety of which there can be no question.

It would seem to be obvious that such a presumption as the appellant contends for could not exist, since an individual may have a perfectly good reputation as such and yet may have no reputation at all as a lawyer or doctor or engineer, though he may also be such, for the simple reason that he has not practiced his profession to the extent or with the degree of success necessary to acquire such a reputation. It would also seem to be obvious that the plaintiff would not have been entitled to claim and recover damages for an injury to his professional reputation as an attorney at law without alleging in his complaint that he was such attorney at law and that he had acquired a reputation as such. If this be true, it would follow that the rule of pleading in ordinary libel cases to the effect that it is not necessary for the plaintiff. in the first instance to allege his possession of a good reputation could have no application to a complaint in which the pleader seeks to recover damages for injuries to his reputation in respect to a particular trade, occupation, or profession. In the latter case the averment would be essential and its denial would raise a material issue so as to require affirmative proof on the part of the plaintiff as to his possession of the particular kind of business or professional reputation which he asserted had been injured by the publication. In the instant case the plaintiff did allege his possession of a professional reputation as an attorney at law. The defendant denied specifically the plaintiff's averments in that regard. A material issue was thus presented, upon which the plaintiff had the affirmative and was bound to offer evidence. He did so and the trial court properly admitted the evidence thus offered, and later improperly ruled, upon motion for a new trial, that its original action in admitting such evidence was error, for which a new trial should be granted. The new trial was, however, properly granted upon other grounds, and our ruling upon this particular ground is given for the guidance of the court upon a retrial of the case.

Order affirmed.

Shaw, J., and Sloss, J., concurred.