[L. A. No. 7899.  In Bank.—July 16, 1928.]

FELICE  CAMPANELLA, Appellant, v.  VICTOR CAMPANELLA, Respondent.

Canepa & Castruccio and W. W. Wallace for Appellant.

H. A. Massey and George S. Hupp for Respondent.

PRESTON, J.—We are satisfied with the conclusion of the learned district court of appeal in this cause and adopt a part of its opinion herein:

"This is an action in damages for deceit. Judgment was entered against defendant for $3,958.33 and costs on the verdict of a jury. Defendant moved for a new trial, his motion was granted and plaintiff appealed.

"In his second amended complaint plaintiff alleged that he and defendant and one Giovanni Gai were the owners of 167½ acres of land as tenants in common, each owning a one-third interest; that they had been partners in manufacturing wine; that defendant was the managing partner and conducted most of the business of the partnership; that plaintiff and defendant were cousins; that the partners agreed to sell the land and that defendant should procure a purchaser; that defendant represented to plaintiff that he had received an offer of $29,312.50 for the land and that he could obtain no higher offer; that plaintiff reposed great confidence and trust in defendant and believed defendant and believed that the land was worth no more than the amount of the alleged offer, which confidence and belief were known to defendant; that so believing, and at defendant's solicitation, plaintiff conveyed his interest in the land to defendant for $10,000; that the representations were false and were made to deceive plaintiff, the facts being that before making them, defendant had an offer of $41,875 for the land and had agreed to sell it for that sum; that the land was worth $54,437.50; and that an accounting of the affairs of the partnership was had before plaintiff learned that the representations were false; and plaintiff prayed for judgment in the sum of $8,145 as the difference between the amount received by plaintiff from defendant and the value

of the land, and for interest, costs, $3,000 exemplary damages and general relief.

"Defendant's answer denied that the three owners had agreed to sell the land, denied the alleged false representations and lack of knowledge on the part of plaintiff, and that defendant had an offer of $41,875 or had agreed to sell the land before plaintiff conveyed his interest to defendant, and alleged that plaintiff then knew of every offer defendant had obtained; denied that the land was worth more than $30,000; and alleged that before this action was commenced another action had been brought by plaintiff against defendant and Gai wherein plaintiff had alleged the same matters pleaded by him in this action and wherein the pleadings had raised the same issues raised in this action, and that after a trial was had therein, judgment on the merits was rendered against plaintiff, which judgment estopped plaintiff from maintaining this action.

"In an amendment to his answer defendant alleged that by the prior action plaintiff elected to rescind his conveyance to defendant, and that thereby plaintiff was estopped and precluded from maintaining this action or to recover damages in this action.

"At the trial defendant offered to introduce in evidence the judgment roll in the prior action, which offered evidence was objected to by plaintiff on the ground that it was incompetent, irrelevant and immaterial, and the objection was sustained.

"Defendant moved for a new trial on the minutes of the court on the grounds that excessive damages were given under the influence of passion and prejudice; that the evidence was insufficient to justify the verdict; that the verdict was against the law, and that error in law occurred at the trial and was excepted to. On this motion the court made its order granting a new trial and setting aside the verdict and judgment.

"This appeal was taken from the order.

"In support of the order defendant advances the propositions that (1) the judgment in the prior action was *res adjudicata* of the matters involved in this action, and is a bar to this action, (2) that in the prior action plaintiff elected to rescind and was thereby precluded from maintain-

ing this action, and (3) that the jury, in awarding the damages, was under the influence of passion and prejudice.

"The complaint in the prior action, which named Gai and defendant Campanella as defendants, alleged substantially the same matters pleaded by plaintiff in his second amended complaint in this action, and also that plaintiff had offered to return to defendant the money paid him by defendant for plaintiff's conveyance, and at the same time demanded a reconveyance from defendant, which demand was refused by defendant, and plaintiff prayed for cancellation of the conveyance, for a judgment requiring defendant to reconvey, and for general relief.

"Gai did not attack this complaint nor did he plead to it. Defendant Campanella demurred to it on the sole ground that it did not state a cause of action. His demurrer was sustained and plaintiff was permitted to amend.

"There was an amended complaint predicated in damages, which omitted Gai as a party, and plaintiff alleged therein substantially the same matters pleaded in the original complaint, that plaintiff, as such partner, owned a one-third interest in the land of the partnership and that he was damaged in the sum of $4,175, and he prayed for judgment against defendant Campanella in that sum, for $15,000 exemplary damages, for costs and general relief.

"Defendant Companella answered the amended complaint denying that the partnership owned the land, admitted that he acted as agent for the other members of the partnership, but only with such powers as existed by reason of his membership in the partnership, alleging that the land was held as tenants in common by the partners, and denying the alleged false representations, the alleged sale or agreement to sell, the alleged offer of plaintiff to return the moneys paid for plaintiff's conveyance, and demand for a reconveyance, or that plaintiff suffered any damage.

"No other attack was made on the amended complaint; but thereafter plaintiff filed his second amended complaint alleging substantially the same matters pleaded in the amended complaint, except that he pleaded that defendant sold the lands for $41,875, that the partnership affairs had never been settled and that large sums of money were due the partnership, and praying that the partnership be dissolved, that an accounting be had, that plaintiff be adjudged

the owner of one-third of the partnership assets, that a receiver be appointed, that in the event plaintiff's conveyance to defendant cannot be cancelled, that plaintiff 'shall receive the difference between $175.00 per acre (the basis upon which plaintiff conveyed to defendant) and $250.00 per acre (the price at which defendant had sold the land) for his one-third interest' in the land, that the partnership's assets be sold and the net proceeds be divided, and for general relief.

"Defendant demurred to this second amended complaint. This demurrer was ordered off calendar, and on the day the order was made, the court made its judgment as follows:

" 'This matter coming on to be heard the fifth day of January, 1921, upon a motion to strike the second amended complaint from the files, Messrs. Canepa & Castruccio appearing for the plaintiff, and H. A. Massey and Geo. S. Hupp. Esq., appearing for the defendants, and the court having heard the arguments.

" 'Now, therefore, it is hereby ordered, adjudged and decreed that the second amended complaint be stricken from the files and the said action be and the same is hereby dismissed, and that the defendants have and recover from plaintiff their costs herein expended, to-wit: $ (written in ink) $58.15.

" 'Done in open court this 8th day of January, 1921.

" 'CHARLES S. BURNELL,

" 'Judge of the Superior Court.'

"Thereafter, the court, without any showing in the judgment roll therefor except the recitals in the judgment, made another judgment as follows:

" 'This cause coming on to be heard the 18th day of January, 1921, upon a motion to strike the second amended complaint from the files, Messrs. Canepa, Castruccio and Wallace appearing for plaintiff and Messrs. H. A. Massey and Geo. S. Hupp appearing for the defendants and the court having heard the arguments;

" 'Now, therefore, it is hereby ordered, adjudged and decreed that the second amended complaint be stricken from the files without leave to amend and that the said action be and the same is hereby dismissed and that the defendants and each of them have and recover from the plaintiff their costs herein expended, to-wit $31.50.

" 'Done in open court this 24th day of January, 1921.

" 'CHARLES S. BURNELL,

" 'Judge of the Superior Court.'

"There were no findings of facts, and the judgment roll does not disclose upon what grounds the second amended complaint was stricken, nor for what reason the action was dismissed. No motion for dismissal of the action is shown or otherwise indicated by the record.

"Defendant contends that the judgments of dismissal in the prior action were *res adjudicata* of the matters involved in this action, and barred and estopped plaintiff from maintaining this action.

"Plaintiff contends that as neither of the judgments purports to have been made on the merits of the cause, neither is a bar to the present action.

"The two judgments in the prior action are essentially the same in form and substance, and for the purposes of this opinion they will be referred to as 'the judgment.' "

█ It is clear that the judgment is not *res adjudicata* and therefore not a bar to the present action nor an estoppel upon any issue therein and that the ruling refusing to admit the judgment-roll in evidence was proper. The judgment-roll not only fails to show a ruling upon the merits but discloses that no such ruling was made. The following from the opinion of the district court of appeal is in point:

"Generally, judgments merely of dismissal, whether voluntary or involuntary, are not on the merits and do not operate as a bar or estoppel in subsequent proceedings involving the same matters, unless it appears that the judgment necessarily involves those matters. (*Oakland* v. *Oakland Water Front Co.*, 118 Cal. 160, 222 [50 Pac. 277]; *Hubbard* v. *Superior Court*, 9 Cal. App. 166 [98 Pac. 394]; *Bell* v. *Solomons*, 162 Cal. 105, 110 [121 Pac. 377]; *Johnston* v. *Baker*, 167 Cal. 260, 263 [139 Pac. 86]; 18 Cor. Jur. 1200; Freeman on Judgments, sec. 753.)

"When a case is dismissed without evidence having been offered it is error to render judgment on the merits. There is nothing before the court on which to base any findings determinative of the issues. The absence of proof on either side could not involve a judicial determination of the merits of the controversy. (*Freedman* v. *Sirota*, 109 App. Div.

874 [96 N. Y. Supp. 812].) See, also, *Kruger* v. *Persons,* 52 App. Div. 50 [64 N. Y. Supp. 841]. There must have been a right adjudicated or released in the first suit to constitute the judgment a bar or an estoppel (*Haldeman* v. *United States,* 91 U. S. 584 [23 L. Ed. 433]; *Rincon Water & Power Co.* v. *Anaheim Union Water Co.,* 115 Fed. 543, 549 et seq. [Welborn, Dist. J.].)

"If the record of a judgment of dismissal fails to show that the judgment was given upon a consideration of the merits of the controversy, it is not available as an estoppel. The fact that the judgment was made at the instance of the court gives it no greater weight than if it were merely a judgment of nonsuit. The dismissal for the reason that plaintiff has chosen the wrong forum or form of proceeding or remedy, or because of defects in the pleadings or parties, or for want of jurisdiction or because the suit was prematurely brought, will not operate as a bar or an estoppel to a subsequent suit (*Oakland* v. *Oakland Water Front Co., supra; Hogeberg* v. *Industrial Acc. Com.,* 201 Cal. 169 [256 Pac. 413])."

■ Respondent contends that by the prior action plaintiff resorted to a conclusive election of remedies and is now barred from relying upon the present cause of action. This position, too, is without merit (*Herdan* v. *Hanson,* 182 Cal. 538, 542 [189 Pac. 440], and cases therein cited). Under well-settled principles of the doctrine of estoppel, the disadvantage caused the other party by a change of remedy must be a real injury, such as would, in the contemplation of law, amount to an estoppel, and when it is of this character the doctrine of election of remedies will be applied by the courts (*Buckmaster* v. *Bertram,* 186 Cal. 673, 678 [200 Pac. 610]; *Mansfield* v. *Pickwick Stages,* 191 Cal. 129, 131 [215 Pac. 389]; *Roullard* v. *Rosenberg,* 193 Cal. 360 [224 Pac. 449]). Here defendant has not shown or claimed that he suffered any disadvantage by reason of the prior plea in rescission and the subsequent pursuit by plaintiff of the remedy of damages. We hold that plaintiff did not elect his remedy by the prior action.

■ Lastly, it is contended by respondent that the order granting a new trial may be upheld on the ground that the damages awarded by the jury were so excessive as to suggest

passion or prejudice on the part of the jurors (Code Civ. Proc., sec. 657, subd. 5).

We are mindful of the rules here applicable expressed in *Scott* v. *Times Mirror Co.*, 178 Cal. 688, 690 [174 Pac. 312], as follows: "It is the well-settled rule of this court that when the order of the trial court in granting a new trial is general in its terms, it will be affirmed if it could properly have been granted upon any of the grounds upon which the motion for it was predicated. (*Weisser* v. *Southern Pac. Ry. Co.*, 148 Cal. 426 [7 Ann. Cas. 636, 83 Pac. 439]; *Morgan* v. *J. W. Robinson Co.*, 157 Cal. 348 [107 Pac. 695].) It is an equally well-settled and long-established rule of this court that an order granting a new trial will not be disturbed upon appeal except upon a showing of clear and manifest abuse of discretion on the part of the trial court in respect to granting the same. (*Harrison* v. *Sutter St. Ry. Co.*, 116 Cal. 156 [47 Pac. 1019]; *Doolin* v. *Omnibus Cable Co.*, 125 Cal. 148 [57 Pac. 774]; *Sherwood* v. *Kyle*, 125 Cal. 652 [58 Pac. 270]; *Lee* v. *Southern Pac. R. R. Co.*, 101 Cal. 118 [35 Pac. 572]; *Meinberg* v. *Jordan*, 29 Cal. App. 760 [57 Pac. 1005, 1007].)"

But it can be demonstrated from the record before us that the jury in the present case was neither influenced by passion nor prejudice. In answer to special issues, the jury specifically found that respondent, with a written offer in his pocket of $250 per acre for the property and while acting as the agent of his partner and cotenant, concealed said fact and represented to appellant that $175 per acre was the maximum amount he could get for it, and that relying upon said information so furnished him, appellant deeded his interest in said property to respondent for the sum of $10,000. The jury thereupon rendered a general verdict in favor of appellant for the sum of $3,958.33 and it is clear that this figure was arrived at as follows: 167½ acres of land at $250 per acre amounts to $41,875. One-third thereof is $13,958.33. Subtracting $10,000 from this result leaves the amount of the verdict, to wit: $3,958.33.

It is clear from the evidence also that respondent could have obtained this amount for said property, with six per cent interest payable in advance upon the deferred payments. In fact, the record shows that a suit in specific performance was begun against him on account of an alleged

contract resulting from said offer. Witnesses fixed the value of the property at $300, $250, $180, and $175 per acre, respectively. Two hundred and fifty dollars per acre was the price fixed by respondent himself, when dealing with third persons, as the value of the property. Had the sale been consummated, appellant could have sued respondent and recovered the identical amount awarded him by the jury.

It is a sacrifice of substance to form to hold that under these facts a sufficient basis may be found for upholding the action of the trial court upon the ground of excessive damages evincing passion or prejudice on the part of the jury. It is really unfair to the trial court to attempt to explain his action upon that ground for it is manifest from a reading of the record that the court was of the opinion that the doctrine of *res judicata* controlled the litigation. It may also be seriously doubted whether this contention is open to respondent in view of the fact that the trial court did not specify that the motion for new trial was granted on the insufficiency of the evidence (Code Civ. Proc., sec. 657; *Yoakam* v. *Hogan*, 198 Cal. 16, 20 [243 Pac. 21]), for a verdict unduly excessive is a verdict, in part at least, unsupported by the evidence. In other words, a deficiency in the evidence must be the basis for every contention that the verdict is excessive or the result of passion or prejudice. In *Doolin* v. *Omnibus Cable Co.*, 125 Cal. 141, 144 [57 Pac. 774], it is said: "To say that a verdict for damages was enhanced by passion or prejudice is one mode of saying that the evidence did not justify it; and the only means of discovering therein the element of passion or prejudice, within the meaning of the statute, is by comparing the amount with the evidence which was before the court at the trial." "Insufficiency of the evidence" means want of evidence as well as "contrary to the weight of the evidence." (*Southern Pac. Land Co.* v. *Dickerson*, 188 Cal. 113, 117 [204 Pac. 576]; *Estate of Bainbridge*, 169 Cal. 166 [146 Pac. 427].)

The transaction forming the basis of this litigation transpired more than eight years ago. There cannot be the slightest doubt as to the right of appellant to recover every

cent awarded him by the jury and it seems eminently appropriate that this litigation should now end.

The order granting the new trial is reversed.

Curtis, J., Shenk, J., Seawell, J., and Richards, J., concurred.