[Civ. No. 9614. Second Appellate District, Division Two.—March 25, 1935.]

BERTHA BREEZE, Respondent, v. SOUTHERN PETRO TANK LINE COMPANY (a Corporation) et al., Defendants; WALTER H. COOK et al., Appellants.

508

John J. Beck for Appellants.

Russell H. Pray for Respondent.

WILLIS, J., *pro tem.*—This is an appeal from an order granting a new trial after verdict and judgment in favor of defendants, appellants herein, in an action for damages for personal injuries resulting from a collision of automobiles. The motion was based on all the statutory grounds excepting that relating to excessive damages, and recited that it would be made upon the minutes of the court and the entire records and files. Notwithstanding no mention is made therein of intent to use affidavits in support of any ground stated, respondent presented and filed two affidavits relating to alleged misconduct of a juror, which affidavits were used on the hearing of the motion. The order granting the motion was as follows: "Plaintiff's motion for a new trial, heretofore submitted, is now by the court granted."

In the absence of a statement in the order that a new trial was granted upon the ground of the insufficiency of the evidence to justify the verdict, it must be presumed on this appeal that the order was not made upon that ground. (Sec. 657, Code Civ. Proc.) This precludes this court from a consideration of the sufficiency of the evidence to sustain the verdict unless it is insufficient in law and without material conflict. (*Phillips* v. *Powell*, 210 Cal. 39

[290 Pac. 441].) Upon examination of the record before us we cannot say that there is no real conflict on any material point, and that the evidence, therefore, as a matter of law, does not justify the verdict for defendants.

■ The notice of intention to move for a new trial must designate the grounds upon which the motion will be made and whether the same will be made upon affidavits or the minutes of the court, or both. (Sec. 659, Code Civ. Proc.) This latter requirement is mandatory, and on the hearing of the motion the moving party must be confined to the records specified in his notice. (*Schmitt* v. *White,* 172 Cal. 554 [158 Pac. 216].) In view of our conclusions reached herein, we deem it necessary to consider whether the court considered the affidavits used on the motion in support of the ground of misconduct of the jury, or whether the order granting a new trial was based on that ground. And we must presume that the order was not based on the grounds either of irregularity in proceedings, accident or surprise or newly discovered evidence, for the reason that section 658 of the Code of Civil Procedure requires that application for a new trial on either of the grounds above specified must be made upon affidavits, and no affidavits in support of either of these grounds were noticed or filed. By this process of elimination there is left for consideration but one ground upon which the order might be founded, viz., errors in law occurring at the trial, other than that of insufficiency of the evidence as a matter of law, above disposed of.

■ It is a long-established rule that an order granting a new trial will not be disturbed on appeal except upon a showing of clear and manifest abuse of discretion on the part of the trial court in respect to granting the same, and that where the order granting the motion is general in its terms it will be affirmed if it could properly have been granted upon any of the grounds upon which the motion was predicated. (*Scott* v. *Times-Mirror Co.,* 178 Cal. 688 [174 Pac. 312].) ■ It is also a settled rule in California that an erroneous instruction given by the court to the jury is an error of law that is considered excepted to as a matter of law. In determining the question whether there was error in giving an instruction it frequently requires an

examination of the evidence in the case, for the reason that an instruction should not be considered as merely an abstract statement of a principle of law, but it must relate to and be measured by the circumstances of the case in which it is given. (*Pitt* v. *Southern Pacific Co.*, 121 Cal. App. 228 [9 Pac. (2d) 273].) ■ Having in mind these rules, we have examined the evidence as produced here by bill of exceptions, together with certain instructions which we believe were erroneously given to the jury and for which errors the trial court could properly grant the motion for a new trial.

Instruction number 7, given at defendants' request, was as follows: "It is the duty of a driver of an automobile while operating her car upon a public highway to keep a close lookout, and she should use such reasonable precautions as the circumstances require, and it is negligence on her part not to do so." By the use of the word "close" in connection with "lookout", the court went beyond the requirements of the law. Instructions stating that a "proper lookout" shall be kept by the driver of an automobile have been repeatedly given and approved on appeal, solely on the ground that to keep a proper lookout means only the exercise of that degree of care which a prudent man should use under like circumstances and which is the degree of care which the law imposes. (*Ballos* v. *Natural,* 93 Cal. App. 601 [269 Pac. 972]; *Godfrey* v. *Brown,* 220 Cal. 57 [29 Pac. (2d) 165, 93 A. L. R. 1092].) By the use of the word "close" the court enlarged the degree of care required by law, and the trial court in the exercise of its discretion may well have deemed the error prejudicial.

■ Instruction number 12, given at defendants' request, in its use of the expression "or reasonably should have been able" in connection with "able to either stop or avoid a collision" is subject to the objection that it leaves to conjecture and surmise what is meant thereby, and as used in connection with the statement of the law of contributory negligence is erroneous.

■ Instruction number 17, given at the request of defendants, erroneously states the rule as to measure of damages in personal injury cases. Section 3333 of the Civil Code fixes the measure as "the amount which will compensate for all the detriment proximately caused thereby, whether it

could have been anticipated or not''. By this instruction number 17, the court charged the jury ''that damages can only be given for the actual pecuniary injury or loss suffered by the parties complaining'', etc. Upon search it appears that this instruction was copied from one given and reviewed in the case of *Burk* v. *Arcata & Mad River R. R. Co.*, 125 Cal. 364 [57 Pac. 1065, 73 Am. St. Rep. 52], which was an action brought by heirs for the death of a brother under section 377 of the Code of Civil Procedure, wherein it is provided that such damages shall be given as, under all the circumstances of the case, may be just, and which damage has been held to be limited to pecuniary loss suffered by the person, for whose benefit the right of action is given, from the death of the victim. (*Bond* v. *United Railroads*, 159 Cal. 270 [113 Pac. 366, Ann. Cas. 1912C, 50, 48 L. R. A. (N. S.) 687].) The trial court may well have believed that in giving this instruction, notwithstanding it also gave another correctly stating the rule for damages, the jury may have been so misled thereby that it founded its verdict on the proposition that there was no proof that plaintiff had suffered any pecuniary loss, ignoring the element of pain and suffering or other detriment not embraced by the definition of ''pecuniary damage or loss''.

The order granting a new trial is affirmed.

Stephens, P. J., and Crail, J., concurred.