[Civ. No. 13626. Second Dist., Div. One. Dec. 11, 1942.]

FLOYD B. GARDNER, JR., Appellant, v. WILLIAM H. MARSHALL et al., Respondents.

Paul Blackwood and Samuel P. Young for Appellant.

Betts & Garrison for Respondents.

DRAPEAU, J. pro tem.—The plaintiff was riding a motor scooter along a public highway. There were two automobiles coming toward him, one behind the other, from the opposite direction. As he was about to pass the first of these automobiles, the one behind it swung out over the center line of the highway, and into the traffic lane in which the plaintiff was traveling. Plaintiff endeavored to avoid the imminent collision by swerving to the left, but was struck by the automobile and sustained injuries and much pain and suffering.

In due time he filed his action for damages, which was tried by court and jury. There were two defendants—the driver of the automobile and a corporate defendant. The corporation was named defendant on the theory that at the time of the accident the driver of the automobile was its agent and engaged in duties within the scope of his employment.

The jury by its verdict found against both defendants and fixed the plaintiff's damages.

There are two points to be considered on this appeal:

First, was there competent evidence sufficient to sustain the verdict of the jury as to the corporate defendant? The

contention that there was not was presented to the court by counsel for the defendant at every available opportunity; by motion for a nonsuit, which was denied; by motion for a directed verdict, which was also denied; and finally, by motion for judgment notwithstanding the verdict, which was granted. From this judgment the plaintiff has appealed.

The second point to be considered is whether the trial court abused its discretion in thereafter making its order granting a new trial as to the individual defendant. From this order plaintiff has also appealed.

The rules to be applied in considering a motion for judgment notwithstanding the verdict of a jury are well settled. The evidence must be viewed in a light most favorable to the plaintiff. (*Peckham* v. *Warner Brothers Pictures, Inc.*, 36 Cal.App.2d 214 [97 P.2d 472].) The reviewing court must resolve every real conflict in the evidence in plaintiff's favor and allow him the benefit of every inference that may legitimately be drawn. (*Hubbert* v. *Aztec Brewing Co.*, 26 Cal. App.2d 664 [80 P.2d 185, 1016].) If there is any testimony which substantially would support the verdict for the plaintiff, the action of the trial court in granting the motion cannot be upheld. (*Galiano* v. *Pacific Gas & Electric Co.*, 20 Cal.App.2d 534 [67 P.2d 388].) Evidence in conflict with that of the plaintiff must be disregarded. (*Carpenter* v. *Hamilton*, 18 Cal.App.2d 69 [62 P.2d 1397].) On a motion for judgment notwithstanding the verdict the court cannot weigh the evidence. (*Ferran* v. *Southern Pacific Co.*, 3 Cal.2d 350 [44 P.2d 533].)

 The defendant driver of the automobile was an employee of the corporate defendant, had been for years, and still was on the date of the trial. He was a sort of a general clerk in charge of the payroll, with miscellaneous duties, running for orders, making bank deposits, and the like. While away from the office he used his own automobile. If on company's business he was paid mileage. On the morning of the accident he went to the bank on a personal errand for the company's office manager. When it came time for his lunch hour he again went to the bank. The evidence is conflicting as to whether on this trip he went to cash his own personal check or was on business for the company. It was on his way back from the bank on this occasion that he collided with the plaintiff. After the collision and at the scene of the accident he

told the motor patrolman who was there investigating it that he had just been to the bank to make a deposit and was on his way back to his company when the accident happened. Later, he told the plaintiff at the hospital that he had been to the bank to make a deposit for the company and he was hurrying back to his office when the accident occurred.

This defendant did not testify at the trial and made no denials of the two declarations against interest above recited. There was introduced in evidence his deposition, but the trial court specifically excluded that from the consideration of the jury, so far as the corporate defendant was concerned.

Thus we come to a determination whether the declarations against interest were hearsay and therefore not admissible in evidence. If they were hearsay, then the judgment notwithstanding the verdict was proper; if they were admissible, then there was such a conflict of evidence that the verdict of the jury must stand.

Again we come to another well-settled rule of law in California.

"It is a rule of long standing in California that the declarations of an agent are not admissible to prove the fact of his agency, nor the extent of his authority. They are admissible, however, to prove that his acts were done on behalf of his principal and not in his individual capacity, or to show that the third person understood that he was dealing with the other as an agent and not as a principal. While it is true that the authority of a person to act as agent for another in a particular matter cannot be proven by the declarations of the one assuming to act as such agent, yet this rule is subject to certain limitations. Thus where it is once shown that a person has been given an actual or ostensible authority to act for another in a particular matter, any declarations made by such agent at the time of the transaction of the business intrusted or apparently intrusted to him, and relating to such business, is admissible as a part of the res gestae." (1 Cal.Jur. at 865.)

In *Tsirlis* v. *Standard Oil Co.*, 32 Cal.App.2d 469 [90 P.2d 128] at page 475, the rule above set forth is quoted with approval, and supporting cases are cited.

There is a distinction between the case at bar and other

recent cases touching upon this subject. In this case the individual defendant was the owner of the car, whereas in most of the others involving vehicle accidents the corporation not only was the employer of the driver but was also the owner of the automobile. (*Shields* v. *Oxnard Harbor District,* 46 Cal.App.2d 477 [116 P.2d 121]; *Tsirlis* v. *Standard Oil Co., etc., supra.*) These cases hold that ownership of the automobile, plus employment of the driver, supports the inference of agency so that declarations of the agent become admissible.

Ownership of the vehicle, however, is not necessarily determinative of the question involved. The critical thing is the status of the employee; whether he had authority to drive the automobile in the service of the company. In the present case he was an employee and he did have authority to drive the car on company's business. Therefore, the fact of agency was sufficiently established by the testimony before the jury *aliunde* the declarations of the employee. The declarations of the employee then became admissible as against the employer, ■ and the jury was the sole judge of the weight, value, and effect thereof, and the trial court was without power to grant the motion for judgment notwithstanding the verdict. (*Hiner* v. *Olson,* 23 Cal.App.2d 227 [72 P.2d 890, 73 P.2d 945]; *Tsirlis* v. *Standard Oil Co., supra; Shields* v. *Oxnard Harbor District, supra.*)

■ The appeal from the order for a new trial involves the application of principles very different from the ones just discussed. By our law this motion is confided to the discretion of the trial court. The trial court is not bound by the rules of conflicting evidence as is the appellate tribunal, but must weigh and consider the evidence for both parties and determine the just conclusion to be drawn therefrom. If satisfied the finding of the jury is contrary to the weight of the evidence, even though there is no conflict and all the proof seems favorable to one of the parties, nevertheless the motion may be granted. (*Owings* v. *Gatchell,* 32 Cal.App.2d 482 [90 P.2d 268].) Therefore, the order granting the motion for a new trial as to the individual defendant must be affirmed. If it is in proper form.

■ The motion for new trial was made upon and recited all of the statutory grounds. But the order granting the new trial made no statement of any grounds; it merely stated that

the motion was made, and that said motion "is granted." Appellant contends the order is therefore fatally defective.

This was the situation in the leading case of *Scott* v. *Times-Mirror Co.*, 178 Cal. 688 [174 P. 312], in which our Supreme Court held that when the order of the trial court granting a new trial is general in its terms it will be affirmed if it could properly have been granted upon any of the grounds upon which the motion for it was predicated. Subsequent cases in California have approved this rule. (*Pitt* v. *Southern Pacific Co.*, 121 Cal.App. 228 [9 P.2d 273] ; *Breeze* v. *Southern Petro T. L. Co.*, 5 Cal.App.2d 507 [43 P.2d 584].) It is unnecessary to here repeat the grounds required to be set forth by section 657 of the Code of Civil Procedure and contained within the notice of motion in this case, except to say that the motion for new trial could have been properly granted upon certain of them.

The judgment notwithstanding the verdict is reversed; the order granting a new trial is affirmed.

York, P. J., and Doran, J., concurred.

A petition for a rehearing was denied January 4, 1943, and respondent corporation's petition for a hearing by the Supreme Court was denied February 8, 1943. Edmonds, J., and Schauer, J., voted for a hearing.