[L. A. No. 19003. In Bank. Aug. 18, 1944.]

FLOYD B. GARDNER, JR., Respondent, v. WILLIAM H. MARSHALL et al., Defendants; THE AMERICAN BRAKE SHOE & FOUNDRY COMPANY (a Corporation), Appellant.

Betts & Garrison and Forrest A. Betts for Appellant.

Paul Blackwood and Samuel P. Young for Respondent.

SHENK, J.—Plaintiff sued defendants Marshall and American Brake Shoe & Foundry Company, a corporation, for damages for personal injuries sustained when an automobile owned and being driven by Marshall collided with a motor scooter on which plaintiff was riding. The corporate defendant was joined as the employer of Marshall.

The plaintiff is a young man who at the time of the accident was employed as a messenger by the Postal Telegraph Company. By reason of the accident he suffered a compound fracture of the tibia and fibula of his right leg about three inches below the knee. Both bones were broken into many pieces. Hospitalization for about a month was required. Then a cast was applied and the plaintiff was placed on crutches. Medical testimony in his behalf was to the effect that he would always have some loss of flexion in the knee and that he may be left with a slight limp. He testified that the injury left his leg weaker and interfered with his participation in sports and dancing. At the time of the trial the alignment was good.

A trial by jury resulted in a verdict for plaintiff against both defendants. The corporate defendant moved for a judg-

ment notwithstanding the verdict and the entry of judgment was stayed until the decision on the motion pursuant to section 664 of the Code of Civil Procedure. On the day following the submission of the motion the court granted the same. Judgment in favor of the corporate defendant and against the defendant Marshall was entered accordingly. Marshall moved for a new trial specifying all of the statutory grounds. This motion was granted. The plaintiff appealed from the judgment in favor of the corporate defendant, entered on December 5, 1941, and from the order granting a new trial to Marshall of date January 19, 1942. On the appeal the judgment notwithstanding the verdict was reversed and the order granting a new trial to Marshall was affirmed. (*Gardner* v. *Marshall*, 56 Cal.App.2d 62 [132 P.2d 833].) On the going down of the remittitur judgment against the corporate defendant was entered on the verdict on February 24, 1943. On March 2, the corporate defendant filed a notice of intention to move for a new trial. On the same day, the plaintiff filed a dismissal of the action as to Marshall. The trial court failed to pass upon the motion of the corporate defendant for a new trial and the same was denied by operation of law. (Code Civ. Proc., § 660.) The present appeal is by the corporate defendant from the judgment entered on February 24, 1943.

The primary question is whether the denial of the motion for a new trial on May 1, 1943, as to the corporate defendant may stand in view of the prior order of date January 19, 1942, granting a new trial to the individual defendant and the dismissal of the latter from the case.

It is conceded that liability on the part of the corporate defendant can be enforced only by the application of the doctrine of *respondeat superior*, the defendants not being joint tort feasors. By its verdict the jury must have concluded that at the time of the accident the defendant Marshall was the employee of the corporate defendant and was then acting within the scope of his employment. This relationship of employer and employee is stated as a fact by the District Court of Appeal (56 Cal.App.2d at p. 64), and is not seriously disputed. In granting the motion for judgment notwithstanding the verdict, the trial court must have concluded that the plaintiff had failed to establish by substantial evidence that the employee Marshall was acting within the scope of his employment at the time of the accident. The

District Court of Appeal held to the contrary. The negligence of the defendant Marshall was established to the satisfaction of the jury and his motion for a new trial was not granted on the ground of insufficiency of the evidence to support the verdict for the reason that the order granting the same did not specify the grounds upon which it was made. On what ground this motion was granted does not appear except by deduction. It must now be taken as established by the verdict and by the decision on the former appeal that Marshall was an employee of the corporate defendant at the time of the accident, that he was then acting within the scope of his employment, and that he was guilty of negligence which was the proximate cause of the plaintiff's injury.

The corporate defendant concedes the right of the plaintiff to dismiss the action as to the defendant Marshall at the time the dismissal was filed on March 2, 1943; but it contends that the dismissal could not prejudice its right to a new trial by reason of the prior order granting the new trial to Marshall. It is asserted that when a new trial was granted to that defendant the trial court, on the facts here presented, was bound to grant its motion for a new trial whether Marshall was or was not a party to the action when its notice of intention to move for a new trial was filed.

The corporate defendant, who is now the sole defendant, cites as authority for its contention the cases of *Bishop* v. *Superior Court,* 59 Cal.App. 46 [209 P. 1012], and *Hoffman* v. *Lane,* 11 Cal.App.2d 655 [54 P.2d 477]. In the Bishop case it appeared that judgment had been entered against Evans as principal and McCarthy as his agent for damages in an action based on the false representations of McCarthy, in which Evans did not participate, but for which he was liable under the doctrine of *respondeat superior.* McCarthy moved for a new trial and the motion was granted on the ground of the insufficiency of the evidence. Evans did not join in the motion. Execution was sought against the property of Evans, but was properly refused on the ground that the order granting the new trial to McCarthy had the effect of vacating the judgment as to Evans, since the liability of the principal was dependent upon that of the agent.

In the Hoffman case a judgment for damages was rendered against the owner and the operator of an auto-truck. The

owner's liability was based on the negligence of his employee. The plaintiff's motion for a new trial was granted on the ground of the insufficiency of the evidence to justify the verdict in that the amount of the verdict was inadequate. On appeal by the employee from the order granting a new trial as to him and by the employer from the judgment it was held that the order granting the new trial as to the employee left the question of his negligence an open one; that the judgment against the employer could not stand if on a retrial the question of negligence were resolved in favor of the employee. The judgment against the employer was reversed on the theory that his liability depended on the liability of his co-defendant, the employee, and that the judgment as to the employer should not stand pending the final determination of the liability of the employee.

The cases relied upon are not directly in point, although they indicate the application of a principle which in reason and justice should be controlling in the case at bar. The corporate defendant contends that since a new trial was not granted to Marshall on the ground of the insufficiency of the evidence the court must have granted it on the ground of excessive damages; that in such a case the employer is in principle interested equally in an award of damages that is not excessive as he is in requiring that the negligence of his employee be established, and that the trial court committed an abuse of discretion in not passing upon his motion for a new trial favorably to his contention. It is therefore argued that if the motion for a new trial as to Marshall was granted on the ground of excessive damages his employer would also be entitled to a new trial on that ground.

Marshall's notice of intention to move for a new trial specified all of the statutory grounds. The first four grounds provided for in section 657 of the Code of Civil Procedure, namely, (1) irregularity of the proceedings; (2) misconduct of the jury; (3) accident or surprise; and (4) newly discovered evidence; must be supported by affidavits. (Code Civ. Proc., § 658.) The motion was argued but no affidavits were presented in support thereof. On the former appeal it was stated that Marshall's "motion for a new trial could have been properly granted upon certain" of the grounds specified in the notice without specifying what those grounds might be. (*Gardner* v. *Marshall, supra,* p. 67.) Insufficiency

of the evidence, on this record, is of course not one of them. (Code Civ. Proc., § 657.) The first four grounds above noted are likewise not included in them because of the failure to support them by affidavits. The fifth ground specified by the statute is excessive damages. The sixth is insufficiency of the evidence and the seventh is errors in law. No errors in law occurring at the trial of which Marshall could complain were suggested on the former appeal and none are now intimated. By a process of elimination, then, it must be concluded that Marshall's new trial was ordered and could be justified only on the ground of excessive damages. If the damages awarded were excessive as to Marshall it would necessarily follow that they were likewise excessive as to his employer. And since it has been conclusively established in this case by the ruling on the former appeal that Marshall's motion for a new trial was properly granted it must follow that his employer's motion for a new trial should also have been granted.

The plaintiff argues that it should be held that inasmuch as Marshall's motion was granted without specifying the ground of insufficiency of the evidence, it was presumably not granted on the ground of excessive damages. The plaintiff relies on the decision of this court in *Campanella v. Campanella*, 204 Cal. 515 [269 P. 433], wherein it was said at page 523 that "A verdict unduly excessive is a verdict, in part at least, unsupported by the evidence. In other words, a deficiency in the evidence must be the basis for every contention that the verdict is excessive or the result of passion or prejudice." The quoted statement may be true as a general proposition, but when we are required to apply the presumption declared in the last paragraph of section 657 of the Code of Civil Procedure, we are not permitted to extend it so as to make it applicable to any subdivision of that section other than subdivision 6.

The verdict in favor of the plaintiff was for $15,000. His special damages amounted to about $1,300, which would leave about $13,700 as general damages. While on appeal an appellate court might not be justified in declaring this verdict excessive as a matter of law, it must also be said that if, as is here shown, the motion for a new trial was granted on that

ground, it cannot be said that the trial court abused its discretion in so granting the same.

The fact that the defendant Marshall was dismissed from the case following the filing of the notice of motion by his employer for a new trial is not of any controlling significance. It is of course true that the employee was not required to be made a party in the first instance, but since he was originally a party defendant his dismissal before the second trial could not prejudice the right of his employer to rely on the record theretofore made in the case to show that he was only secondarily liable, that if the damages flowing from the employee's primary liability were excessive as to him they were likewise excessive as to the employer and that the latter's motion for a new trial should have been granted.

The judgment is reversed.

Gibson, C. J., Curtis, J., Edmonds, J., Traynor, J., and Schauer, J., concurred.

CARTER, J.—I dissent. The record shows that plaintiff was awarded damages by the verdict of a jury against defendants, master and servant, the former's liability resting entirely upon the doctrine of *respondeat superior*. Thereafter the trial court granted the master's motion for a judgment notwithstanding the verdict and the servant's motion for a new trial. The judgment notwithstanding the verdict was reversed and the order granting a new trial was affirmed on appeal. (*Gardner* v. *Marshall,* 56 Cal.App.2d 62 [132 P.2d 833].) Plaintiff then dismissed the action against the servant. The master's motion for a new trial after entry of the judgment on the verdict was denied. The master has appealed. In affirming the order granting the new trial as to the servant, the District Court of Appeal said *nothing more than that it was properly granted upon some of the statutory grounds.* (*Gardner* v. *Marshall, supra,* 67.) The new trial was granted on *all of the grounds stated* in section 657 of the Code of Civil Procedure *except insufficiency of the evidence.*

In arriving at the conclusion that the judgment against the master must be reversed, the majority opinion states: "It must now be taken as established by the verdict and by the

decision on the former appeal that Marshall was an employee of the corporate defendant at the time of the accident, that he was then acting within the scope of his employment, and that he was guilty of negligence which was the proximate cause of the plaintiff's injury." And "By a process of elimination, then, it must be concluded that Marshall's new trial was ordered and could be justified only on the ground of excessive damages. If the damages awarded were excessive as to Marshall it would necessarily follow that they were likewise excessive as to his employer. And since it has been conclusively established in this case by the ruling on the former appeal that Marshall's motion for a new trial was properly granted it must follow that his employer's motion for a new trial should also have been granted." And "but since he (servant) was originally a party defendant his dismissal before the second trial *could not prejudice the right of his employer to rely on the record theretofore made in the case* to show that he was only secondarily liable, that if the damages flowing from the employee's primary liability were excessive as to him they were likewise excessive as to the employer and that the latter's motion for a new trial should have been granted." (Italics added.)

Turning first to the last above quoted excerpt, it would seem that the majority of the court is of the opinion that the master's rights were prejudiced by the dismissal of the action against the servant. It is not claimed, however, that the master could be prejudiced in any way *except where the granting of the new trial as to the servant was necessarily upon some ground which also affected the master's liability.* The majority opinion then attempts by a process of elimination to find the ground upon which the new trial was granted as to the servant, with the assumed premise that in order to reverse the judgment against the master, the new trial must have been granted upon some ground which affected the master's liability. *If there is a ground upon which the new trial could have been granted as to the servant which had no relation to the liability of the master then the judgment against the master must stand.* Such a result would not be prejudicial to the master for many reasons. Obviously, the plaintiff need not have made the servant a party to the action, and certainly, he was entitled to dismiss the action as to him after he made

him a party. Plaintiff having those rights, the master cannot be prejudiced by their exercise except in the situation where there might be inconsistent judgments; that is, a judgment against the master but in favor of the servant where the issue is one that necessarily affects the master's vicarious liability. In the instant case if there had been no dismissal of the action against the servant the retrial of the action against him might have resulted in a judgment favorable to him and hence inconsistent with the judgment against the master, but that will not happen because the action against the servant will *not be retried.* It is dismissed. How can it be said that the master is entitled to the benefit of the new trial granted as to the servant when because of the dismissal there will be no retrial as to the servant? Indeed it is immaterial whether the order for a new trial was based upon some ground affecting the master's liability. The effect of the dismissal is to wipe the cause of action against the servant from the record. The proceeding is back in the same condition it would have been if plaintiff had sued the master alone.

But if we assume that the master is entitled to the benefit of the order granting a new trial as to the servant, certainly it must first be determined that that order was based upon a ground which affects both the master and servant. The order was made on all of the grounds provided by statute except insufficiency of the evidence. The precise ground does not appear. If it is supportable on any ground it must be assumed that the court granted the servant's motion on some ground that did not affect the master's liability. Otherwise the denial of the master's motion for a new trial would be error. A trial court is not presumed to act erroneously. On the contrary all presumptions are in favor of the correctness of its action. Hence, if there is any error for which the servant's motion for a new trial could be granted without affecting the master, that ground must be presumed to be the one relied upon. I suggest two such grounds. There may be more. There may have been misconduct on the part of plaintiff's counsel such as suggesting that the *servant* was insured or was a wealthy man well able to pay any verdict rendered against him. Neither of those statements would prejudice the master or be error as to him. Yet they would entitle the servant to a new trial. The record does not show that such misconduct occurred but neither does it show it did not occur.

It does not contain the arguments to the jury. We should presume that the trial court acted correctly and therefore that such error existed in the absence of anything in the record to the contrary.

Furthermore, the majority opinion, by the process of elimination, determines that the motion for a new trial as to the servant must have been granted upon the ground of excessive damages. If such was the case, then a new trial should be ordered on the issue of damages only instead of requiring the plaintiff to establish again all of the other issues in the case.

In my opinion the judgment should be affirmed.