[Civ. No. 1811. Fourth Appellate District.—June 12, 1937.]

GEORGE A. HUME, Respondent, v. FRESNO IRRIGATION DISTRICT (a Public Corporation), Appellant.

Harris & Hayhurst and Hayhurst & Gibson for Appellant.

Strother P. Walton for Respondent.

JENNINGS, J.—Plaintiff, who owns 10½ acres of land which is located immediately south of and adjacent to the Church or Fresno canal owned and operated by the defendant, instituted this action to recover damages from the defendant for injury alleged to have been caused to his land by seepage of water from said canal. Plaintiff's complaint contains two causes of action. The first of these is based on the provisions of section 14 of article I of the state Constitution which prohibits the taking or damaging of private property for public use without payment of just compensation therefor. The second is grounded on negligence and it is therein alleged that the damage to plaintiff's property was proximately caused by the careless and negligent manner in which the defendant maintained and operated its canals and ditches. There is one prayer for relief in the pleading whereby judgment is demanded in a specified sum ''on ac-

count of damages to plaintiff's crops, trees, and land''. Trial of the action before a jury resulted in the return of a verdict which found in plaintiff's favor on both causes of action and assessed damages in the amount of $2,750. From the judgment in plaintiff's favor for the aforesaid amount entered in conformity with the verdict the defendant appeals.

Appellant's first contention is that respondent was estopped from recovering any damages on the first cause of action set out in the complaint because the undisputed evidence produced during the trial showed that respondent's predecessors in interest, by deeds duly executed, granted to the predecessors of appellant a right of way for the construction, use, and operation of the Church canal without reservation or limitation excepting only that it should be used for ''all of the purposes of the Fresno Canal & Irrigation Co.'', appellant's immediate predecessor in interest, and such purposes included the carrying in said canal of 3,000 cubic feet of water per second if the capacity of the canal would permit.

It is undoubtedly the rule that whenever a grant of a right of way is executed by a land owner he thereby estops himself from afterward prosecuting any action for past damages that have occurred or for future damages which might reasonably be expected to occur by reason of the necessary, natural, and ordinary use of the utility or public service for which the right of way is granted. The inhibition of the rule includes the ordinary and natural injury, which might reasonably have been anticipated, that adjacent land suffers from seepage if the land is of such character as to admit of seepage or if it may fairly be declared that there was a reasonable expectation that seepage would occur (*Sternes* v. *Sutter Butte Canal Co.*, 61 Cal. App. 737, 743 [216 Pac. 66]). It is however obvious that, assuming injury shown to have resulted from seepage, the question of whether or not such injury was ordinary and natural and should therefore have been reasonably anticipated is a question of fact to be determined by the triers of fact. We do not understand that it is seriously contended on this appeal that there is a lack of evidence in the record tending to show that respondent's land was materially damaged by seepage. Such contention, if made, would be unavailing since an examination of the record discloses ample evidentiary support for the necessarily implied finding that respondent's land was substantially damaged by seepage which occurred after the

month of November, 1932. This being true, the question of whether or not it should reasonably have been anticipated when the right of way was granted in 1877 that such damage as was shown to have occurred would result is a question of fact which was submitted to the jury for its determination. Necessarily, the jury, by its rendition of a general verdict in respondent's favor, found that the damage shown to have occurred from seepage could not reasonably have been anticipated as an ordinary natural result that would necessarily follow from the natural and ordinary use of the canal for which the right of way was granted. Furthermore, an examination of the record fails to produce a conviction that the jury's implied finding that the very material damage which was caused to respondent's land after November, 1932, could not reasonably have been foreseen in 1877 is so unsupported by evidence that it must be set aside. We conclude, therefore, that appellant's first contention is not sustainable.

Appellant's second contention is that the first cause of action stated in respondent's complaint is barred by the statute of limitations which was pleaded as a separate defense in the answer filed to the complaint. With respect to this contention it is first pointed out that the Church canal is and has always been a permanent structure which was designed to carry water for all time or at least during the corporate existence of appellant's predecessor named as grantee in the deed conveying the right of way and the successors in interest of such grantee, that respondent's predecessors knew that the canal would be a permanent structure and must have known or contemplated that the canal would be used to its capacity during each and every year that water was available from the Kings River, from which the canal took off, that respondent's predecessors knew that the canal, which was an earthen ditch having a cobble bottom connecting with a stratum of the same material underlying all of the land adjacent to the canal, including respondent's land, would inevitably and permanently seep water and that the seepage from the canal would vary in quantity from time to time, such variation depending on the amount of water carried in the canal. From all of this it is argued, first, that the damage from seepage under these circumstances must be deemed to have been included as one of the elements for which compensation was originally paid when the grant was made and, second, that an action to recover damages for

seepage could properly have been brought within the statutory period after the construction and placing in operation of the canal or, in any event, within the statutory period from and after the first signs of permanent injury caused by seepage were visible. In this connection, it is pointed out that certain uncontradicted evidence produced during the trial showed that more than 20 years prior to the commencement of this action an owner of land adjoining respondent's land on the west observed that not only trees growing on his land but also that trees on respondent's land were showing evidence of permanent injury caused from seepage of water. Especial reliance is placed on this evidence as indicating that at such time there was proof of permanent damage to respondent's land which then gave to respondent or his predecessor a right of action for damages which has now long since become barred by the statute.

The answer to this contention is furnished by the record on appeal. It appears therefrom that the jury was given the following instruction by the trial court: "It is admitted that defendant is not liable for the amount of seepage which followed from said canal into plaintiff's lands prior to May 16, 1931, and before you can find for plaintiff on either of his causes of action you must find that there was an increase in the amount of seepage from said canal into plaintiff's lands after that date." In this regard it must also be observed that both causes of action stated in the complaint, which was filed on May 16, 1934, allege that the particular damage to respondent's land for which compensation was sought to be recovered occurred at some time during the three-year period which immediately preceded the institution of the action. The record further shows that at no time during the trial was it urged that any recovery could be had for any damage that might have occurred prior to the three-year period mentioned in the complaint. In addition to the above-quoted instruction the jury was carefully and fully advised with respect to the feature that the damage for which compensation was sought must have been caused by seepage that could not reasonably have been foreseen at the time the grant of the right of way was executed. It is apparent from an examination of the entire record that the injury to respondent's land for which recovery of damages was sought was an injury which it was claimed resulted from the performance of certain work

on the canal during the month of November, 1932, which caused an extraordinary seepage of water from the canal on to respondent's land thereafter and that it was maintained that such increased seepage thus caused could not reasonably have been anticipated when the grant of the right of way was executed. It may further be observed that there was evidence which tended to show that no damage had been caused to respondent's land by any seepage that had flowed from the canal prior to November, 1932. Under the circumstances disclosed by the record it is evident that appellant's contention that the first cause of action is barred by the statute of limitations is untenable.

Appellant's third contention relates exclusively to the second cause of action alleged in the complaint. This contention may be divided into two propositions. These are, first, that the evidence failed to show that the canal was negligently maintained and operated by appellant and, second, if it be conceded that there was negligence in its maintenance and operation an action based on negligence may not be maintained against appellant for the reason that it is a public agency created for a public purpose and no liability grounded on the negligence of appellant's officers or agents is imposed by law upon such an agency.

With respect to appellant's contentions relative to the feature of negligence on which the second cause of action is evidently based it may be assumed for the purposes of this opinion that no negligence of appellant in maintenance or operation of the canal was shown by the evidence. Indulgence in such an assumption does not, however, result in the denial of any recovery to respondent. The first cause of action, as above noted, is based on the provisions of section 14, article I of the Constitution of California, which expressly prohibits the damaging as well as the taking of private property for public use without payment of just compensation. Unquestionably, an action may be maintained for such damaging irrespective of the presence or absence of negligence. (*Tormey* v. *Anderson-Cottonwood I. Dist.*, 53 Cal. App. 559, 568 [200 Pac. 814] ; *Ketcham* v. *Modesto Irr. Dist.*, 135 Cal. App. 180, 188 [26 Pac. (2d) 876].) This reasoning is likewise applicable and constitutes sufficient answer to appellant's claim that an action based on negligence may not be maintained against it for the reason that it is a public agency created for a public purpose and the doctrine of *respondeat*

*superior* is therefore not applicable to fasten upon it liability for torts of its officers and agents. The liability which forms the basis of the first cause of action of respondent's complaint is not grounded on negligence. The foundation for such liability is the above-mentioned constitutional provision which assures to the owner of property the right to be compensated for either the taking or damaging of his property for public use.

 Appellant's fourth contention is that the trial court improperly instructed the jury that the Drainage Act of 1907, which it read to the jury, imposed upon appellant the duty of providing for the drainage of lands when and if the conditions specified in the statute prevailed. It is urged that the question of drainage was outside the issues framed by the pleadings, that neither cause of action set out in respondent's complaint contained any allegation relative to the necessity of drainage or that respondent had suffered any damage as a result of appellant's failure to provide drainage and that therefore the giving of the instruction constituted error prejudicial to appellant. The contention thus advanced is not impressive. It is true that there is no allegation in the complaint relating to the necessity for drainage or that appellant's failure to install drainage had in any respect contributed to or caused the damage which it was alleged had been suffered. Nevertheless, the statute which the court read to the jury imposes upon irrigation districts generally the duty of providing drainage whenever such action appears necessary or proper or beneficial to lands affected by the irrigation which is the chief concern of such districts. (Drainage Act of 1907, Stats. of 1907, p. 569; *Sutro Heights Land Co.* v. *Merced Irr. Dist.*, 211 Cal. 670, 700 [296 Pac. 1088].) If the failure to perform the duty thus imposed resulted in damage to respondent's land no good reason appears why it was not proper to be considered by the jury under the allegations of damage set out in the first cause of action of the complaint. If unnecessary seepage in an amount which could not reasonably have theretofore been anticipated occurred in the spring of 1933 it is not unreasonable to declare that appellant should then have taken action to cure the defect by performing the duty imposed by the drainage statute. Examination of the record discloses that evidence was produced which showed that at some time during the early spring of 1934 respondent's superintendent, accompanied by

three owners of land which is in proximity to respondent's land, called upon the chief engineer and manager of appellant and discussed with him the trouble they were having because of the seepage of water on their lands at which time he admitted that the situation was serious and assured them that the irrigation district would do something to assist them in eliminating the seepage water but that nothing was done along the line of establishing a system of drainage and as damage from seepage continued this action was brought. It is apparent, therefore, that there was evidence which indicated a realization by appellant of the situation that existed on the lands of respondent and of other adjacent owners by reason of seepage and a recognition that appellant was under a duty to render some assistance to such owners to eliminate the seepage. Under the circumstances it is our conclusion that no prejudicial error was committed in giving the instructions to which objection has here been raised.

Appellant's fifth and final contention is that the verdict returned by the jury is void for uncertainty and that the judgment entered in conformity with such verdict may not stand. The verdict is in the following form: "We, the jury in the above-entitled action, find for the plaintiff on both causes of action and assess his damages at $2,750." The objection is that if it must be declared that respondent failed to sustain either cause of action set out in his complaint the form of the verdict makes it impossible to discover what portion of the damages was allowed on the other cause of action assuming that it was a good cause of action and that the proof justified a verdict thereon in some amount.

Presumably the contention thus advanced is based on the assumption that a verdict on the second cause of action alleged in the complaint in any amount may not be sustained. For the purposes of this opinion it will be assumed that respondent was not entitled to recover any compensation for the alleged negligence of appellant in maintaining and operating the Church canal. The objection that the verdict as returned is so uncertain that it may not form a proper basis for the judgment from which the appeal herein has been prosecuted is nevertheless not sustainable.

The rule is settled in this state that where several issues in a cause are tried and submitted to a jury for its determination, a general verdict may not be disturbed for uncertainty, if one issue is sustained by the evidence and is un-

affected by error. (*Verdelli* v. *Gray's Harbor etc. Co.*, 115 Cal. 517, 525 [47 Pac. 364, 778]; *Estate of Hellier*, 169 Cal. 77, 83 [145 Pac. 1008]; *Sessions* v. *Pacific Imp. Co.*, 57 Cal. App. 1, 27 [206 Pac. 653]; *Walton* v. *Southern Pac. Co.*, 8 Cal. App. (2d) 290, 305 [48 Pac. (2d) 108].) When a situation of this character is presented it is a matter of no importance that the evidence may have been insufficient to sustain a verdict in favor of the successful party on the other issues or that reversible errors were committed with regard to such issues. (*Big Three Min. & Mill. Co.* v. *Hamilton*, 157 Cal. 130, 141 [107 Pac. 301, 137 Am. St. Rep. 118].)

Inspection of the record herein demonstrates that it was respondent's theory that the damage which resulted to his land from seepage occurred after certain work was done in that portion of the Church canal which adjoined his land during the month of November, 1932, that this work was done at appellant's direction, that it consisted of removing brush from the south bank of the canal and of sloping said bank which was the bank adjoining respondent's land and of deepening the bed of the canal, that the disturbance of the bed of the canal increased to a marked degree the seepage of water from the canal to respondent's land and this increased seepage first became apparent during the spring of 1933, that the increased seepage thus induced continued up to the time this action was filed and resulted in the north portion of respondent's land, consisting of several acres, becoming water-logged and that thereby the citrus trees growing on said north portion of his land became unproductive and many of them died. It was also respondent's contention that the aforesaid work done in the canal during the month of November, 1932, was negligently done. We have heretofore indicated our opinion that the question of whether the work that was performed in November, 1932, was or was not negligently done is not conclusive of respondent's right to recover if the evidence was sufficient to show a damaging of his property by unusual seepage that occurred during the three-year period immediately preceding the institution of the action and that such extraordinary seepage took place as a result of the aforesaid work done in the canal in November, 1932. The question of whether or not the bed of the canal was actually disturbed during the performance of the work was one upon which the evidence was conflicting. Considerable evidence was produced by appellant which showed

that there was no disturbance of the bottom of the canal in November, 1932, and that the work then done was restricted to sloping the south bank and removing brush therefrom. Evidence was, however, submitted which showed that the bed of the canal where it adjoined respondent's land was lowered to a depth varying from 4 to 18 inches along the entire section. Respondent's contention that the bed of the canal was deepened in November, 1932, may not therefore be declared to be unsupported by evidence. It was further necessary for respondent to show that the deepening of the canal bed could cause an increase in the seepage of water from the canal. Appellant's witness, George L. Swendsen, who was the chief engineer and manager of appellant, testified on cross-examination that seepage of water from a canal is dependent on pressure, that there is a direct relation between the amount of seepage and the depth of water in a canal, that if the depth of water in a certain area is increased, more pressure is exerted and increased seepage results and more particularly if the bed of a portion of a canal is lowered the depth of water in such portion thus lowered is increased, greater pressure results, and increased seepage from the canal occurs. In our opinion, this evidence was ample to establish the proposition which respondent was required to establish, viz.: that the lowering of that part of the bed of the Church canal which adjoins respondent's land could cause an increase in seepage of water from the canal. It was the jury's function to determine, first, whether or not, as respondent maintained, the bed of the canal was lowered in November, 1932, and, if this question was answered in the affirmative, to determine, second, whether or not the deepening of the canal bed caused the increased seepage which the evidence indicated took place during the spring of 1933 and thereafter. It is manifest that the jury answered both of the above-stated questions in accordance with respondent's contentions and it may not be declared that the necessarily implied findings with respect to such matters is so unsupported by evidence that they must be set aside. Since the record contains abundant evidence indicating that extraordinary seepage from the canal became evident during the spring of 1933 and thereafter and that a considerable portion of the north half of respondent's land became water-logged and that the roots of citrus trees there growing were injuriously affected by excessive moisture in the soil and markedly decreased production of fruit from such

trees occurred and no complaint is here made that the amount awarded by the jury is excessive, it follows that the judgment from which this appeal has been taken should be affirmed.

The judgment is therefore affirmed.

Marks, J., concurred.

Barnard, P. J., deeming himself disqualified, did not participate herein.

A petition for a rehearing of this cause was denied by the District Court of Appeal on July 7, 1937, and an application by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on August 9, 1937.