[Civ. No. 13017.   Second Dist., Div. Two.   Aug. 12, 1941.]

JOHN S. SHIELDS, Respondent, v. OXNARD HARBOR DISTRICT et al., Appellants.

[Civ. No. 13018.   Second Dist., Div. Two.   Aug. 12, 1941.]

WARREN JENKINS, Respondent, v. OXNARD HARBOR DISTRICT et al., Appellants.

478

Lasher B. Gallagher and Blackstock & Reppy for Appellants.

Henderson & Churchill, Norris Montgomery, Dickson Montgomery, and James C. Hollingsworth for Respondents.

McCOMB, J.—The above entitled cases, which are actions to recover damages for injuries resulting from an automobile accident, were tried together before a jury in the superior court and by stipulation of counsel are submitted to this court upon a single record and set of briefs. From judgments in favor of plaintiffs, defendants appeal.

The evidence being viewed most favorably to plaintiffs (respondents), the essential facts are:

On June 17, 1939, defendant Oxnard Harbor District, was engaged in constructing a harbor in the county of Ventura. Defendant McDougall was employed by his codefendant Oxnard Harbor District as port director with the duty of supervising the construction of the harbor and its operation. On the 17th of June in an automobile owned by his codefendant, defendant McDougall drove to Santa Barbara, where he inspected the harbor facilities. He then drove to a cafe, where he consumed alcoholic beverages, leaving the cafe around 2:00 a. m. on June 18, 1939, to return to his home, which was located in the city of Oxnard. At about 3:30 a. m., while driving the automobile belonging to his codefendant in a southerly direction on the state highway between Ventura and Santa Barbara, the car which defendant McDougall was driving collided with an automobile in which plaintiffs were traveling in a northerly direction on the same highway. As a result of the accident plaintiffs suffered serious injuries.

The complaints are in two counts, the first count predicating the action upon section 400 of the Vehicle Code and the second count predicating the action upon section 402 of the Vehicle Code.

Defendants urge reversal of the judgments on the following propositions:

*First:* The complaints do not state a cause of action in that (a) count I of the complaints does not allege that defendant McDougall was at the time of the accident *"acting in and about the accomplishment of some object having a direct connection with the improvement or development of the harbor"* of defendant harbor district, and (b) there is not any statutory authority permitting a suit against defendant Oxnard Harbor District, a governmental agency.

*Second:* Section 400 of the Vehicle Code is unconstitutional in that the title of the Vehicle Code does not cover the subject of liability of a governmental agency for negligence of its employees in operating an automobile, and hence to predicate liability thereon in the present case would be a violation of article IV, section 24 of the Constitution of the State of California.

*Third:* There is no substantial evidence to sustain the implied finding of the jury that defendant McDougall was an agent of his codefendant and acting within the course and scope of his employment at the time and place of the accident here involved.

*Fourth:* The trial court committed prejudicial error in admitting testimony of (a) defendant McDougall on the question of who his employer was, and (b) declarations and admissions of defendant McDougall.

*Fifth:* Section 610 of the Code of Civil Procedure, which permits the court to allow the jury to have a view of the scene of an accident is unconstitutional because contrary to the fourteenth amendment of the Constitution of the United States of America, and, therefore, the trial court committed prejudicial error in permitting the jury to view the scene of the accident in the instant case.

*Sixth:* The trial court committed prejudicial error in instructing the jury as follows:

(a) *"You are not bound to decide in conformity with the declarations of any number of witnesses which do not produce conviction in your minds, against a less number, or against a presumption or other evidence satisfying your minds."*

(b) *"In a civil action, such as this pending here, the affirmative of the issue must be proved, and when the evidence is contradictory the decision should be made according to the preponderance of the evidence; therefore, unless you believe, from the testimony in the case taken together, that the plain-*

tiffs have by a preponderance of the evidence established all the material and controverted allegations of their complaints, then you should find for the defendants.

"By a preponderance of evidence is meant such evidence as, when weighed to that opposed to it, has more convincing force, and from which it results that the greater probability is in favor of the party upon whom the burden rests."

(c) "If you find that defendant McDougall made the trip to Santa Barbara primarily upon a mission for his employer, defendant Oxnard Harbor District, then even though he combined the trip with some personal business of his own, his employer, defendant Oxnard Harbor District, is responsible for his negligence, if any, in operating the automobile owned by the Oxnard Harbor District upon his return trip from Santa Barbara on and along the normal and ordinary route or highway between Santa Barbara and the place of employment of defendant McDougall."

(d) "You are instructed that one driving an automobile in a fog or where his vision is obscured by the glare upon his windshield from the lights of an approaching automobile must proceed with reasonable care and caution and with due regard to the safety of others, and depending upon the particular circumstances of the case the exercise of reasonable care and caution by such driver may require him to stop as soon as he can reach a place by the side of the road, or if, under all of the circumstances the only way in which he can safely proceed is to look around the edge of the windshield, then he is negligent in failing to adopt such a plan."

(e) "It was the duty of the defendant, Alexander M. McDougall, on the occasion in controversy to have used ordinary care in the driving and operation of his Plymouth automobile, and a failure, if any, on his part to have used this care was negligence, and if such negligence, if any, was the sole, proximate cause of any injuries to the plaintiffs, then you will find damages for them and each of them, as defined in other instructions herein.

"If you find from a preponderance of the evidence that the defendant, Alexander McDougall, was driving the automobile involved in this case at the time and place alleged in the complaint, and that while so driving the said automobile he was under the influence of intoxicating liquor and that the fact that he was under the influence of intoxicating liquor was the

*sole proximate cause of the injuries sustained by the plaintiffs, then your verdict must be in favor of the plaintiffs.*

*"It is an undisputed fact in this case that the plaintiff, Warren Jenkins, was not driving, operating or controlling the automobile being driven and operated by John S. Shields at the time of the accident on June 18, 1939, and therefore, even though you should believe by a preponderance of all the evidence that the said John S. Shields was guilty of negligence proximately contributing to his injuries and to those of Warren Jenkins, nevertheless if you also believe that the defendant, Alexander McDougall, was also guilty of negligence which proximately contributed to the injuries suffered by Warren Jenkins, your verdict will be in favor of the plaintiff, Warren Jenkins.*

*"You are instructed that one, who, while riding in the private conveyance of another, is injured by the negligence of a third party, may recover against the latter, notwithstanding that the negligence of the driver of the conveyance in driving his automobile contributed to the injury where the person injured is without fault and has no authority over the driver. Therefore, if you believe from all the facts and circumstances of this case that the driver of the Ford sedan automobile, to-wit, John S. Shields, was negligent, and you believe that the driver of the defendants' car was negligent, it would still be your duty to bring in a verdict in favor of Warren Jenkins, who at that time was an occupant of the automobile being driven by the other plaintiff, John S. Shields.*

*"Section 510 of the Vehicle Code reads as follows:*

*"'BASIC SPEED LAW. No person shall drive a vehicle upon a highway at a speed greater than is reasonable or prudent having due regard for the traffic on, and the surface and width of, the highway, and in no event at a speed which endangers the safety of persons or property.'*

*"Therefore, if you believe from all the facts and circumstances of this case that the defendant, Alexander McDougall, was driving and operating his automobile at the time and place in question in violation of this section, and such violation, if any, was the sole proximate cause of the injuries and damages, if any, by plaintiffs sustained, then I instruct you that the defendant, Alexander McDougall, was guilty of negligence as a matter of law, and you should award damages for the plaintiffs as defined to you in other instructions herein."*

*(f)* "*There have been prepared forms of verdict which are now given you, and whenever three-fourths of your number, that is nine of you, have agreed upon a verdict, the appropriate form should be filled and signed by your foreman and then returned into Court. You may now retire in charge of the Sheriff whose duty it will be to keep you together in a convenient place until you shall have agreed upon a verdict or been discharged by the Court.*"

*(g)* "*In view of the fact that contributory negligence as alleged in this case by the defendant, Alexander McDougall, is an affirmative plea, the burden of proof under the evidence of the whole case is on the defendant, Alexander McDougall, to prove that the plaintiff, Warren Jenkins, was guilty of contributory negligence as alleged in his answer, and that the same proximately caused the injuries to him, and unless you so find from all the evidence of the case, you will find in favor of the plaintiff, Warren Jenkins, on that issue.*"

*Seventh: The court committed prejudicial error in refusing to submit to the jury forms of verdicts, which would have indicated upon which cause of action the jury predicated its verdicts against defendant Oxnard Harbor District.*

■ Defendants' first proposition is untenable.

(a) Section 400 of the Vehicle Code imposes liability upon a "district established by law" for damages resulting from the negligent operation of a vehicle owned by it by its employee when acting within the scope of his office, agency, or employment. The first cause of action in the complaints here involved contained this allegation:

"That at all times herein mentioned the defendant, Alexander M. McDougall, was, and now is, employed by the Oxnard Harbor District, . . . and that at the exact time of this collision hereinafter referred to, said defendant, Alexander M. McDougall, was then and there acting as the servant, agent and employee of the said Oxnard Harbor District, . . . and within the course and scope of his employment."

The foregoing allegation was a sufficient allegation that defendant McDougall at the time of the accident was the servant and agent of his codefendant and was acting within the course and scope of his employment. From the facts stated, it was, substantially alleged that at the time of the accident defendant McDougall was "acting in and about the accomplishment of some object having a direct connection with the improve-

ment or development of the harbor" being constructed by his codefendant.

■ (b) Section 400 of the Vehicle Code expressly imposes liability upon a "district established by law" and political subdivisions of the state for negligent operation of an automobile by an employee acting within the scope of his employment, and expressly confers the right to bring suit against such district or political subdivision upon such a cause of action. It is therefore obvious that it was unnecessary for plaintiffs to allege the terms of section 400 of the Vehicle Code in their complaint, as the court takes judicial notice of acts of the legislature, of which section 400 of the Vehicle Code is one.

■ Defendants' second proposition is also untenable. Article IV, section 24 of the Constitution of the State of California provides in part thus:

"Every act shall embrace but one subject, which subject shall be expressed in its title. But if any subject shall be embraced in an act which shall not be expressed in its title, such act shall be void only as to so much thereof as shall not be expressed in its title."

The title to the Vehicle Code is as follows:

"An act to establish a vehicle code, thereby consolidating and revising the law relating to vehicles and vehicular traffic, and to repeal certain acts and parts of acts specified herein."

■ The law is established in California that the main object of the constitutional provision, article IV, section 24, as quoted above, is to inform the legislators and the public relative to the subject matter of proposed legislation and that any matters which are logically germane to the title of the act and are included within its scope may be united, it being sufficient to declare the general purpose of the statute and it is not necessary to set forth in the title the details by which the general purposes as expressed in the title are to be accomplished (*Evans* v. *Superior Court,* 215 Cal. 58, 62, 63 [8 Pac. (2d) 467]).

■ It is further established that the constitutional provision above quoted will not receive a narrow or technical construction but is to be construed liberally with the end of upholding proper legislation which is reasonably germane to the title of the act (*Evans* v. *Superior Court, supra* 62; see also *Heron* v. *Riley,* 209 Cal. 507, 510 [289 Pac. 160]).

The title of the Probate Code, which contains 1700 sections, reads as follows:

"An act to revise and consolidate the law relating to probate, including the custody, disposal by will, succession, administration and distribution of estates of decedents, the custody and administration of estates of persons under guardianship, and the custody of persons under guardianship; to repeal certain provisions of law therein revised and consolidated and therein specified; and to establish a Probate Code."

In *Evans* v. *Superior Court, supra,* our Supreme Court held the title sufficient to meet the requirements of the constitutional provision above quoted. ██ In the present case, we are of the opinion that section 400 of the Vehicle Code is relevant and germane to "vehicles and vehicular traffic", which according to the title of the Vehicle Code is the subject of the provisions of said code.

██ Defendants' third proposition is without merit. The law is established in California that, if there is proof that (1) an automobile belongs to an employer, and (2) at the time of an accident is being operated by an employee of the owner, an inference arises sufficient to support a finding that the employee was operating the automobile (a) by the authority of his employer, and (b) within the scope of his employment (*Bushnell* v. *Yoshika Tashiro,* 115 Cal. App. 563, 565 [2 Pac. (2d) 550]).

It is likewise established that testimony of the agent or other witnesses that at the time of the accident the employee was not engaged in the scope of his employment does not dispel as a matter of law the inference which has arisen upon proof of the foregoing facts, but simply raises a conflict in the evidence for the determination of the jury, which is binding upon an appellate court (*Bushnell* v. *Yoshika Tashiro, supra; Megowan* v. *City of Los Angeles,* 7 Cal. (2d) 80, 83 [59 Pac. (2d) 1012]; *Prickett* v. *Whapples,* 10 Cal. App. (2d) 701, 702 [52 Pac. (2d) 972]).

In the present case the uncontradicted evidence discloses that (1) the automobile which defendant McDougall was driving at the time of the accident belonged to his codefendant, and (2) defendant McDougall was employed by his codefendant. Therefore, under the rules above stated an infer-

ence sufficient to support the implied finding of the jury that defendant McDougall at the time of the accident was acting within the scope and course of his employment arose, which the jury properly weighed in connection with the other evidence in the case and impliedly accepted in lieu of inferences and evidence to the contrary.

Defendants' fourth proposition is also without merit.

(a) The trial court permitted defendant McDougall over objection to answer the following questions:

(1) What are your duties?

(2) You serve as a sort of general manager of that place over there?

(3) You have charge of all of these operations?

(4) Do you have anything to do with the shipments that go through that port?

(5) You direct that?

(6) Were those your duties in 1939 when you were first employed?

(7) What other activities did you have in prospect at that time?

(8) Was anything given you for your services in addition to money?

The foregoing questions were permissible as tending to establish the fact of defendant McDougall's agency and the scope thereof, the law being established in California, as aptly stated in 1 Cal. Jur. [1921] 718, thus:

"The testimony of the agent is admissible and competent to prove the nature and scope of his authority." (*Kast* v. *Miller & Lux,* 159 Cal. 723, 727 [115 Pac. 932].)

(b) The trial court also properly permitted evidence of declarations and admissions of defendant McDougall. The rule is established in California that after evidence of an agency has been received as in the instant case, declarations or admissions of the agent are admissible against the employer (sec. 1870, subsec. 5, Code Civ. Proc.). Therefore, the trial court properly admitted in the present case evidence of declarations and admissions made by defendant McDougall at the time of and after the accident.

Defendants' fifth proposition is without merit. Section 610 of the Code of Civil Procedure authorizes the trial

court in its discretion to permit the jury to view the scene of an accident. Such section does not deprive a party of his property without due process of law contrary to the provisions of the fourteenth amendment of the Constitution of the United States of America. The process traditionally known as a "view" provided for by section 610 of the Code of Civil Procedure has been recognized since the beginning of jury trials in England as an appropriate method of producing before the jury evidence which because of its immobility would not otherwise be available for the consideration of the jury. In *People* v. *Pompa*, 192 Cal. 412 [221 Pac. 198], at page 422, Mr. Justice Richards speaking for our Supreme Court says:

" . . . There is no special sacredness in the atmosphere of a courthouse or the walls or furnishings of a courtroom which requires that sessions of the court shall be held there and not elsewhere, if otherwise the forms of law governing the trial of causes are observed.

See also for a full and complete discussion of the inherent power of the trial court to order a "view", even in the absence of statute, IV Wigmore on Evidence, 3rd ed. [1940] 268, secs. 1162, et seq.

As defendants did not urge before the trial court any other objections to the method in which the "view" was conducted, the additional objections, which are presented in this court, have been waived by defendants (*People* v. *Nakis*, 184 Cal. 105, 113 [193 Pac. 92]).

Defendants' sixth proposition is also without merit. The following rule relative to instructions must be borne constantly in mind:

The instructions to the jury must be read as a whole and, if, thus read, they accurately state the law, a reversal may not be predicated upon verbal inaccuracies, isolated sentences or phrases, or because a single instruction does not contain all of the conditions and limitations which are to be gathered from a reading of all of the instructions (24 Cal. Jur. [1926] 857, sec. 113).

The instruction set forth in paragraph (a) of defendants' sixth proposition was an accurate and correct statement of the law and was not objectionable because it authorized

the jury to consider as part of the evidence the view of the scene of the accident.

The instruction set forth in paragraph (b) of defendants' sixth proposition is a correct instruction and is not subject to the objection that it gives to the jury the right to determine the material and controverted allegations of the complaint. If defendants desired more specific instructions on this point, they should have submitted to the trial court a proper request for such desired instructions.

The instruction set forth in paragraph (c) of defendants' sixth proposition is proper since (1) there was evidence from which the jury might have believed that defendant McDougall made the trip to Santa Barbara on behalf of his employer defendant Harbor District, (2) the jury in other instructions were properly instructed to the effect that defendant McDougall must have been an agent acting in the scope of his employment at the time of the accident before his codefendant would be liable, and (3) the instruction when read in the light of the other instructions given by the court, instructs the jury that of necessity they must find that defendant McDougall was acting within the scope of his employment at the time the accident occurred before they could attach liability to his codefendant.

The instruction set forth in paragraph (d) of defendants' sixth proposition did not invade the province of the jury, since when read in the light of the other instructions given to the jury, it contained a full and accurate statement of the principles of law contained therein. (See *Woodhead* v. *Wilkinson*, 181 Cal. 599, 603 [185 Pac. 851, 10 A. L. R. 291].)

The instruction set forth in paragraph (e) of defendants' sixth proposition did not purport to be a formula instruction and therefore, when read in connection with the other instructions given to the jury, was an accurate statement of the principles of law contained therein. There was evidence that defendant McDougall's car swerved suddenly onto a sidewalk and then swerved across the road before striking plaintiffs, also that defendant McDougall had consumed four or five bottles of beer prior to the accident. that his windshield was foggy, and that when 400 or 500 feet from the car in which plaintiffs were riding he was blinded by headlights of other cars. In view of the foregoing evidence,

the court properly read to the jury section 510 of the Vehicle Code and gave the instruction above quoted.

█ The instruction set forth in paragraph (f) of defendants' sixth proposition was not erroneous as directing the jury to return a verdict against defendant Oxnard Harbor District, should they find a verdict against defendant McDougall.

█ The instruction set forth in paragraph (g) of defendants' sixth proposition when read in connection with other instructions on contributory negligence given to the jury was not susceptible to the interpretation that it required defendants to prove all of the acts of contributory negligence alleged in their answer. █ The instruction properly included the statement that before negligence of the plaintiffs would constitute contributory negligence it must be a proximate cause of plaintiff's injuries.

██ Defendants' final proposition is without merit and is governed by the following rules of law:

(1) In an action for the recovery of money only the jury in their discretion may render a special or general verdict (sec. 625, Code Civ. Proc.).

(2) A general verdict imports findings in favor of the prevailing party on all material issues and, if there is substantial evidence to sustain a verdict on one count which is unaffected by error, the fact that there is not sufficient evidence to sustain the necessary findings of fact upon another count to support a verdict, or that there have been errors in connection with such other count, will not justify a reversal of the general verdict (*Hume* v. *Fresno Irr. Dist.*, 21 Cal. App. (2d) 348, 356 [69 Pac. (2d) 483] ; *King* v. *Schumacher*, 32 Cal. App. (2d) 172, 179 [89 Pac. (2d) 466] ; see also 2 Cal. Jur. [1921] 1029).

Applying the foregoing rules to the facts of the instant case, in view of our conclusions as set forth above, there was substantial evidence free from error to sustain a verdict in favor of plaintiffs on count I of the complaints. Therefore, it is immaterial that there may have been errors in connection with count II of the complaints. Since it would not change the result, we refrain from discussing the alleged errors presented by defendants relative to the second counts of the complaints (*Mitchell* v. *Towne*, 31 Cal. App. (2d) 259, 267 [87 Pac. (2d) 908]).

For the foregoing reasons the judgments are and each is affirmed.

Moore, P. J., and Wood, J., concurred.

Appellants' petition for a hearing by the Supreme Court was denied October 10, 1941.