[Civ. No. 7888.   Third Dist.   Apr. 10, 1951.]

LEHR MOSS, Respondent, v. COCA COLA BOTTLING COMPANY OF CHICO (a Partnership), Appellant.

Ware & Ware for Appellant.

Whitten & Fortino for Respondent.

VAN DYKE, J.—Plaintiff brought this action against the Coca Cola Bottling Company of Chico, California, for damages alleged to have been caused by drinking from a bottle of Coca Cola manufactured and bottled by defendant, which bottle, when opened, contained a mouse.

Plaintiff's action was predicated on two counts, one on negligence, and the other on breach of warranty. Trial was had upon the two counts and the jury returned a general verdict for plaintiff, assessing his damages in the sum of $500. The court reduced the amount of the verdict to $301. Plaintiff stipulated to the reduction in lieu of a new trial. Defendant has appealed from the judgment.

Defendant first contends that the evidence is insufficient to support the verdict. It is specifically urged that plaintiff failed to prove that the bottle containing the mouse had been bottled by defendant, and if so, plaintiff still failed to prove that the bottle was in the same condition when used as when delivered to plaintiff's employer. The evidence shows at the time of the occurrence complained of by him plaintiff was employed as a molding machine operator by the Chico Wood Products Company. The company had previously purchased a vending machine for dispensing Coca Cola and placed it on the premises for the convenience of its employees. Plaintiff's employer purchased Coca Cola from defendant in case lots and delivery was made by defendant. Each delivery contained a sufficient amount to last a week and the bottles not immediately placed in the vending machine were stored in a locked room. The vending machine was under the exclusive control of plaintiff's employer who serviced it. All Coca Cola placed in the machine was purchased from defendant.

On the afternoon of June 9, 1948, plaintiff was working the swing shift which commenced at 4:30 p.m. Around 6:30 p.m. plaintiff and the crew of about six men decided to have some Coca Cola. The crew threw their nickels on a table near the machine they were operating and one of them went after the Coca Cola. It is approximately 120 feet from the molding machine to the Coca Cola machine. During the time one of the crew was engaged in obtaining the Coca Cola, plaintiff and another member of the crew, a Mr. Ferguson, went to the rest room for a period of two or three minutes. When they returned to the molding machine the members of the crew were drinking from the bottles. Plaintiff testified that two bottles remained. They had been opened. He picked one up and started to drink. He said he took one swallow,

and observed a mouse in the bottle; and that the contents of the bottle tasted like something dead, and smelled. Another witness observed the Coca Colas being removed from the vending machine. He saw the bottles carried to where they were to be used. He testified further that the contents of the bottle from which plaintiff drank had a terrific smell.

Plaintiff's injuries consisted of an upset stomach for a period of ten days or two weeks. He experienced nausea when he thought of Coca Cola or similar products. Otherwise plaintiff was not harmed. After drinking from the bottle plaintiff continued to work out his shift, during which time he consumed his lunch. He did not seek medical treatment and remained steadily employed.

Defendant introduced evidence showing the layout of its plant and the bottling operations, including bottle cleaning methods and inspections. The equipment included an automatic device which stopped the bottling operation in the event a bottle contained an obstruction.

We think the evidence summarized above is sufficient to sustain the jury's verdict on the negligence count. From it the jury could find that the Coca Cola was manufactured and bottled by the defendant and delivered by it to the plaintiff's employer and that the contents of the bottle had not been tampered with and remained the same up to the time plaintiff drank from the bottle. The evidence was sufficient to enable the jury to find that the mouse was in the bottle when delivered by defendant to plaintiff's employer. The case of *Medeiros* v. *Coca Cola Bottling Co.*, 57 Cal.App.2d 707, 714 [135 P.2d 676], is similar to the case now before us. In that case an action for damages was brought, it being claimed that the plaintiff therein had drunk from a bottle of Coca Cola which contained a cleaning brush. This court said:

"In support of its contention that the evidence does not support the verdict of the jury, appellant urges that it introduced evidence that the standard of conduct of defendant in the manufacture of Coca-Cola was the same as the fair average of all manufacturers of the drink, that evidence offered excluded the possibility that the brush was left in the bottle by defendant, that there is no direct evidence that defendant bottled the questioned Coca-Cola. Without reviewing the evidence on these points it is sufficient to say that evidence that the standard of conduct of defendant in the manufacture of its product is the same as the fair average of all manufacturers of the drink is not conclusive.

"There are numerous cases holding that the unexplained presence of a foreign object or substance in bottled or packaged goods is a sufficient basis for an inference of negligence on the manufacturer's part to send the case to the jury. [Citing cases.] And as to whether the evidence offered by defendant excluded the possibility that the brush was left in the bottle by defendant, and whether defendant manufactured the questioned bottle, these questions were for the jury, and we cannot say that there was not sufficient evidence to justify their verdict."

See, also, *Escola* v. *Coca Cola Bottling Co.*, 24 Cal.2d 453 [150 P.2d 436], holding with respect to the doctrine of res ipsa loquitur, that it "may be applied on the theory that the defendant had control at the time of the alleged negligent act, although not at the time of the accident, provided plaintiff first proves that the condition of the instrumentality had not been changed after it left the defendant's possession."

Defendant contends the evidence fails to show that the contents of the bottle were deleterious. It says the presence of the mouse does not necessarily show that the contents were harmful. This contention is answered by the Medeiros case, *supra,* the court there stating at page 714:

"Defendant's contention seems to be that however noisome and disgusting a foreign object found in a beverage may be or appear, the manufacturer of such beverage cannot be held liable for negligence in permitting such object to be in his product unless the contents of the bottle are themselves rendered unfit for human consumption; and that regardless of the effect of the finding of such object in a bottle from which he has drunk, a party cannot recover damages for sickness resulting therefrom, unless he is actually poisoned or otherwise injuriously affected by the drink itself. We think that a court may well take judicial notice that even a normal person in seeing a disgusting looking object in a bottle from which he has just drunk may and often will suffer intense nausea which may produce more serious results. Also one may recover for injury resulting from mental shock in such cases. [Citing cases.]"

Defendant contends the award of $301 in damages is excessive, arguing that plaintiff did not suffer special damage or any physical disability. As noted above, plaintiff testified that the occurrence caused him to have an upset stomach for 10 days or two weeks and the thought of Coca Cola gave him

nausea. The injuries are recognized elements of damage, and it cannot be said that the award was excessive.

Defendant contends that it was prejudicial error to admit into evidence the bottle of Coca Cola containing the mouse. This was done over objections by defendant that the conditions in the bottle had changed from the time plaintiff had drunk therefrom to the time the bottle was introduced in evidence. About a year and a half had elapsed when the case came on for trial and in the meantime the bottle had remained unsealed, except that a used cap had been placed upon it and secured by adhesive tape. Defendant urges that it was highly prejudicial to allow the jury to view the bottle with the contents in a decomposed state and that it was error not to allow it, as it requested, to introduce evidence to show the change in conditions which had occurred. The trial court stated its reasons for permitting the introduction of the bottle into evidence as follows: ''I believe that you can thoroughly cover that by contradictory evidence, by cross examination, or by witnesses of your own choosing to cover that situation. I believe any average jury is intelligent enough to know that in a year and a half there may have been considerable changes in any article that is subject to decomposition or spoiling.'' Under section 1954 of the Code of Civil Procedure the introduction into evidence of material objects ''must be regulated by the sound discretion of the court.'' We find no abuse of discretion. In addition, defendant introduced evidence showing that a bottle of Coca Cola exposed to the air will change color, and form mold.

Defendant contends that the cause of action for breach of warranty is fatally defective in that plaintiff failed to give defendant reasonable notice of the breach. Since we have concluded that there is sufficient evidence to sustain the verdict and judgment for plaintiff on the negligence count, it is unnecessary to discuss the alleged defects in respect of the second count for breach of warranty. As noted above, the jury returned a general verdict for plaintiff. As stated in *Shields* v. *Oxnard Harbor Dist.*, 46 Cal.App.2d 477, 491 [116 P.2d 121]:

''A general verdict imports findings in favor of the prevailing party on all material issues and, if there is substantial evidence to sustain a verdict on one count which is unaffected by error, the fact that there is not sufficient evidence to sustain

the necessary findings of fact upon another count to support a verdict, or that there have been errors in connection with such other count, will not justify a reversal of the general verdict (*Hume* v. *Fresno Irr. Dist.*, 21 Cal.App.2d 348, 356 [69 P.2d 483] ; *King* v. *Schumacher*, 32 Cal.App.2d 172, 173, 179 [89 P.2d 466] ; see also 2 Cal.Jur. [1921] 1029).''

For the foregoing reasons the judgment is affirmed.

Adams, P. J., and Peek, J., concurred.