[Civ. No. 21055.    First Dist., Div. One.    Apr. 12, 1965.]

JOE M. LOURENCE, JR., Plaintiff and Appellant, v. WEST SIDE IRRIGATION DISTRICT, Defendant and Respondent.

Alfred Nelson for Plaintiff and Appellant.

Wadsworth & Souza, Whitney & Becklund and John P. Whitney for Defendant and Respondent.

BRAY, J.*—Plaintiff appeals from judgment, after jury verdict, in favor of defendant in an action for damages for alleged water seepage from defendant's canals on and adjacent to plaintiff's property.

### QUESTIONS PRESENTED

1. Failure to give plaintiff's instruction No. 4 concerning the effect of section 22099 of the Water Code.

2. Alleged error in instructions given:

(a) On inverse condemnation.

(b) On the application of section 22098, Water Code.

(c) On "equally balanced" evidence.

(d) On mitigation of damages.

### RECORD

Plaintiff owns a 300-acre farm, approximately 3 miles west of the City of Tracy. It is one mile long and one-half mile wide. It is all farm land with heavy soil. All of it is leveled for irrigation. He purchased the majority of the property in 1941; the remaining 96 acres in 1949. He testified that when he bought the land there was no high water table apparent or

---

*Retired Presiding Justice of the District Court of Appeal sitting under assignment by the Chairman of the Judicial Council.

even suspected, and he did not expect to have any seepage trouble from the adjacent canals.

Defendant is in an irrigation district. Two of its canals run across portions of plaintiff's property. They were made with soil and gravel; no concrete lines their walls. The upper main canal extends 9 miles and cuts across plaintiff's property at the southwest corner of the field. The lower canal extends 7 miles and cuts across the property at the northeast corner. The two canals run water continuously each year from about March 1 to about November 1.

The farm is leased to tenants who have grown sugar beets, tomatoes, alfalfa, corn, barley and flax. It seems to be conceded that the water table on plaintiff's land has risen and on 115 acres thereof is high and that water stands almost continuously on a portion of it. Plaintiff contends that the water condition is due to seepage from portions of the canals which are within plaintiff's property and also from portions which are off plaintiff's property, and comes underground to plaintiff's property. That in addition to the character of the canals which permit seepage, defendant operated and maintained the canals in a negligent manner. Defendant contended that there was no appreciable seepage from the canals, it was not negligent in its operation or maintenance and that the water condition on plaintiff's property comes from irrigation waters from upslope properties over which the district has no control.

Plaintiff's complaint is predicated on three grounds: Negligence, inverse condemnation, and the property owner's rights under section 22098, Water Code. As plaintiff concedes that there is substantial evidence to support the jury's implied finding that the water condition is not due to seepage from defendant's canals, and bases his appeal solely on error in the instructions, we deem it unnecessary to detail the evidence. Suffice it to say that during the 15 days of trial, there was much expert testimony supporting the respective theories of the parties.[1] The jury resolved the evidentiary conflict in favor of defendant.

1. PLAINTIFF'S PROPOSED INSTRUCTION No. 4.

The court instructed: "Whenever it appears necessary to drain any land within a district on account of the irrigation which has been done or which is intended to be done by the district under laws relating to it, whether for the purpose of more beneficially carrying on the irrigation or to protect the

---

[1]The transcript consists of 1,959 pages of testimony.

district from liability by reason of the irrigation, its board, if it is reasonable from an economic standpoint that the drainage be provided, shall provide for the drainage.'' (This is basically the wording of Water Code section 22098.)

''In order for a land owner to show that an irrigation district has not followed its duty under this law, he must establish three propositions by satisfactory and sufficient evidence:

''First, he must prove that his lands are in need of drainage made necessary by the irrigation operations of the district.

''Second, he must affirmatively show that the installation of said drainage is reasonable from an economic standpoint.

''Third, he must prove that the steps taken by the district toward discharging this statutory duty do not constitute a reasonable compliance with the requirement of the statute.''

This instruction was followed by quoting section 22099 of the Water Code, which reads: ''No drainage need be provided for land as to which the district is relieved from liability for seepage or flooding by reason of *grant,* waiver, prescription, statute, decree, or condemnation.'' (Italics added.)

The court instructed that plaintiff sought to hold defendant on three theories: 1. Because of defendant's alleged negligence in the construction, maintenance, alteration or supervision of its canals either within or without the boundaries of plaintiff's land or both within and without such boundaries; 2. that as to the construction, maintenance, alteration or supervision of defendant's canals outside the boundaries of plaintiff's land defendant had proximately caused damage to plaintiff's property within the meaning of section 14, article I, of the California Constitution; and 3. that defendant had failed to provide plaintiff with the drainage required pursuant to section 22098. The court then stated: ''The first ground is that defendant's negligence proximately caused damage to plaintiff's land,'' and for approximately three pages of the transcript instructed on negligence and proximate cause. It then turned to the second theory—plaintiff's land had been damaged from the construction, maintenance, alteration or supervision of defendant's canals which lie outside the boundaries of that land ''pursuant to Article I, Section 14, of the Constitution of the State of California.'' The court read a portion of that section: '' 'Private property shall not be . . . damaged for public use without just compensation having first been made to . . . the owner,' '' and stated that this section did not apply concerning the portion of defendant's canals lying within the boundaries of plaintiff's land.

The court then turned to the third theory—that defendant had failed to provide plaintiff with the drainage required "pursuant to" sections 22098 and 22099 and instructed as hereinabove set forth concerning sections 22098 and 22099.

It had been stipulated that plaintiff's predecessors in interest in the subject property granted to the district two rights-of-way over it, upon which portions of the canals in question which are on plaintiff's property were located. No reference to "grant" owners is made in the instructions elsewhere than in the quotation from section 22099, nor was any limitation given as to the effect of this section.

Without some limitation on the effect of a grant stated in section 22099, the jury would necessarily conclude that the grant given by plaintiff's predecessors would preclude recovery by plaintiff for any damage caused by seepage from the portions of defendant's canals within the boundaries of plaintiff's land, regardless of any negligence in their construction, maintenance, alteration or supervision, or whether the seepage therefrom was of the type and quantity reasonably anticipated by the grantor. That a grant does not prevent recovery for damage to the grantor's land from all seepage is well established. The rule is stated in *Hume* v. *Fresno Irr. Dist.* (1937) 21 Cal.App.2d 348, 351 [69 P.2d 483]: "It is undoubtedly the rule that whenever a grant of a right of way is executed by a land owner he thereby estops himself from afterward prosecuting any action for past damages that have occurred or for future damages which might reasonably be expected to occur by reason of the necessary, natural, and ordinary use of the utility or public service for which the right of way is granted. The inhibition of the rule includes the ordinary and natural injury, which might reasonably have been anticipated, that adjacent land suffers from seepage if the land is of such character as to admit of seepage or if it may fairly be declared that there was a reasonable expectation that seepage would occur [citation]."

In *Hunt* v. *Sutter-Butte Canal Co.* (1924) 66 Cal.App. 363, 368 [225 P. 844], the court said: "[A] canal company is liable for all damages occasioned by the negligent operation of its irrigating system irrespective of whether a right of way has or has not been granted for the construction of its canals or irrigating ditches through the premises involved. In other words, the granting of a right of way releases the defendant from such damages as are usually and ordinarily attendant upon the building and operation of canals and irrigating ditches. [Citation.]"

Plaintiff's proposed instruction No. 4 sets forth the principle of the above cases. The proposed instruction reads: "In this action it is an admitted fact that persons who owned plaintiff's property many years before he acquired it did grant to defendant by deed the title to the land over which each of the defendant's canals crosses plaintiff's land. Such grant relieves defendant from liability for seepage from such portions of its canals which would have been anticipated by such a grantor and which occurs without any negligence on defendant's part. Such a grant, however, does not relieve the defendant West Side Irrigation District for negligence in the construction, maintenance, alteration or supervision of its canals and defendant West Side Irrigation District is responsible for any damages to plaintiff's land caused proximately by its negligence in the construction, maintenance, alteration or supervision of its canals.''

Defendant does not contend that the instruction is not correct. It takes the position: 1. That, as did the court, its substance is covered by other instructions; and 2. that as defendant did not propose an instruction, and none was given by the court, as to the district's right by reason of the original grant to allow water to seep from its canals, plaintiff was not entitled to an instruction on the subject. As to the first contention, as we have stated, the substance of instruction No. 4 was not covered elsewhere. The court merely instructed that the requirement of section 22098 did not apply to land " 'as to which the district is relieved from liability for seepage or flooding by reason of grant' '' without discussing to what extent the district was relieved from liability by the grant and particularly not informing the jury that the grant would not relieve the district from liability for negligence.

As to the second contention, whether defendant offered the instruction or it was given by the court on its own motion (apparently it was offered by plaintiff), there was an instruction as to defendant's right by reason of the original grant to allow water to seep from the canals—the one in which the court quoted section 22099. The vice of the instruction is that in the absence of any explanation as to what might constitute a limitation, the instruction constituted a flat statement that the district was relieved from liability for seepage because of the grant. Reading the instructions as a whole, the reasonable interpretation thereof is that as to seepage from the portions of the canals on plaintiff's property the grant relieved defendant from all liability regardless of negligence. As there

was evidence from which the jury could have found defendant negligent in the construction, maintenance, or supervision of such portions of the canals as lay on plaintiff's property (although there was evidence to the contrary), the failure to give instruction No. 4 was highly prejudicial.

While the refusal to give instruction No. 4 alone requires a reversal, as the action will probably be retried, it is necessary to consider the

INSTRUCTIONS GIVEN

(a) *Inverse Condemnation.*

The second theory of plaintiff's complaint was based upon article I, section 14, of the California Constitution. The court instructed: "The applicable portion of that Section provides as follows: 'Private property shall not be . . . damaged for public use without just compensation having first been made to . . . the owner.' " It then stated that the section did not apply to damage caused by the construction, maintenance, alteration or supervision of the portions of the canals lying within the boundaries of plaintiff's land. The quotation is not accurate. The section reads: "[W]ithout just compensation having first been made to, *or paid into court for,* the owner. . . ." (Italics added.) It is doubtful if the omission of the italicized wording was important. However, on retrial it should not be omitted. The court several times instructed that plaintiff would be entitled to recover for damage resulting from seepage "proximately caused under Article I, Section 14. . . ." The instructions did not contain any explanation of the meaning of the section quoted. ▮▮ Instructions in the language of a statute should only be given " 'if the jury would have no difficulty in understanding the statute without guidance from the court.' " (*People* v. *Thomas* (1945) 25 Cal.2d 880, 895 [156 P.2d 7] ; *People* v. *Albertson* (1944) 23 Cal.2d 550, 587 [145 P.2d 7].)

The theory of plaintiff on this second cause of action is that by reason of the above section defendant is held to a strict liability for any damage caused by those portions of the canals lying outside plaintiff's boundaries. *Hume* v. *Fresno Irr. Dist., supra,* 21 Cal.App.2d 348, 354, states: "The first cause of action, as above noted, is based on the provisions of section 14, article I of the Constitution of California, which expressly prohibits the damaging as well as the taking of private property for public use without payment of just compensation. Unquestionably, an action may be maintained for

such damaging irrespective of the presence or absence of negligence. [Citations.]''

*Archer* v. *City of Los Angeles* (1941) 19 Cal.2d 19 [119 P.2d 1], cited by defendant as opposed to this principle, is not in point. There the court held that under section 14 a public body is not liable for damage to property, if the property owner would have no cause of action were a private person to inflict the damage, and then applied the following principle: ''It is established in California and other jurisdictions that a lower owner has no right of redress for injury to his land caused by improvements made in the stream for the purpose of draining or protecting the land above, even though the channel is inadequate to accommodate the increased flow of water resulting from the improvements. [Citations.]'' (Pp. 24-25.)

Obviously there is no similarity to the situation in *Archer* and that in the instant case.

On a retrial, it would be better if the instructions more clearly explained the application of section 14.

(b)  *Application of Section 22098 of the Water Code.*

■ In the instruction concerning this section, *supra,* the court stated that plaintiff must establish the three propositions therein stated by ''satisfactory and sufficient evidence.'' This was erroneous. (See *Bandoni* v. *Walston* (1947) 79 Cal. App.2d 178, 184 [179 P.2d 365]; *Perrett* v. *Southern Pac. Co.* (1946) 73 Cal.App.2d 30, 38 [165 P.2d 751].) With the elimination of these words the instruction is a proper one. (See *Sutro Heights Land Co.* v. *Merced Irr. Dist.* (1931) 211 Cal. 670, 700-701 [296 P. 1088].)

(c)  *The ''Equally Balanced'' Instruction.*

■ The court instructed: ''The law does not permit you to guess or speculate as to the cause of the damage to the plaintiff's land. If the evidence is equally balanced on the issues of negligence, proximate cause or the statutory liability of the District, then your finding must be against the plaintiff on that issue.'' This is a proper instruction.

(d)  *Instruction on Mitigation of Damages.*

■ The court instructed the jury: ''A person whose property has been damaged by the wrongful act of another is bound to exercise reasonable care and diligence to avoid loss and to minimize the damages, and he may not recover for losses which could have been prevented by reasonable efforts on

his part or by expenditures that he might reasonably have made."

Plaintiff assailed this instruction on the grounds that it compels a landowner to take reasonable precautions to prevent the adjoining canals from seeping water on to his property, citing *Kleinclaus* v. *Marin Realty Co.* (1949) 94 Cal.App.2d 733 [211 P.2d 582], which holds, in effect, that a property owner is not obligated to anticipate the negligent flooding of his land and to prepare against it. The quoted instruction deals only with the duty of a property owner to use reasonable care and diligence to mitigate damage due to another's unwarranted acts *after* those acts have caused damage to his property. (See *Valencia* v. *Shell Oil Co.* (1944) 23 Cal.2d 840, 844[ 147 P.2d 558].) The instruction is BAJI No. 179A. Perhaps it would be advisable to make it more clearly appear that the duty referred to does not require anticipation of damage.

It should be pointed out that there is some confusion in the instructions as given in that it is not always clear that some of the instructions applied only to a particular one of the theories of the complaint and not to all of them. On retrial it would be better to group together all instructions relating to one theory rather than have them intermingled with other instructions.

Judgment reversed.

Sullivan, P. J., and Molinari, J., concurred.

A petition for a rehearing was denied May 3, 1965, and the petitions of the appellant and the respondent for a hearing by the Supreme Court were denied June 2, 1965.